## HUDSON v. CRUTCHFIELD, ET AL.

1. H executed two deeds of trust to secure to C the payment of certain debts recited in the deed. A sale was made under the deeds, and C became the purchaser, but the property purchased was left with H. After this, C brought actions of detinue against H, and recovered the property, with damages for its detention. To reverse these judgments, H prosecuted writs of error to the supreme court, where the judgments were affirmed with damages; which judgments have since been satisfied, except as to damages and costs. H, a surety in the bonds for the prosecution of the writs of error, then filed his bill, alledging, that the deeds of trust between H and C were fraudulent, and that he was a creditor of H, upon debts due him before, and since the execution of the deeds of trust, and including a judgment which he had purchased against H, rendered since the execution of the deeds, and prayed, that the damages recovered by C from H, for the detention of the property, be applied to the payment of the judgment, of which he was the proprietor. Held, that there was no equity in the bill, to apply the damages for the detention of the property to the payment of the creditors of H, whatever might be the rule, if C were attempting to enforce a delivery of the property itself.

55

2. A motion may be made a second time, for the dissolution of an injuction, after a refusal to dissolve, accompanied with a reservation, that the motion might be renewed.

Appeal from the Court of Chancery sitting in Benton county.

THE appellant alledges in his bill, that he is a creditor of Aaron Haynes upon different demands, which may be thus classed : 1. Debts accruing previous to the execution of two deeds, which recited the indebtedness of Haynes to Crutchfield, and conveyed to trustees by the former, certain real and personal estate, upon trust to sell the same, or so much as might be necessary to pay the amount intended to be secured ; in the event that the grantor made default in the payment. 2. Debts accruing subsequent to the execution of the deed. 3. A judgment rendered by the circuit court of Benton for $2422 65, besides costs, in the fall of 1839, against Haynes, in favor of Choice, Harbin & Co., of which the complainant has become the sole proprietor by purchase.

One of these deeds is dated in 1837, and the other in 1839. Sales have been made by the trustee in each, of a part, if not all the property embraced by them, at which Crutchfield was the principal purchaser. It is alledged that the demands of Crutchfield, if not simulated, are stated in the deeds at an amount greatly beyond what was really due him ; that the deeds are fraudulent, because they were intended by the *cestui que trust* to secure to himself a larger sum than he was entitled to, or to enable the grantor to delay or hinder other creditors in the collection of their debts : *Further*, that the *cestui que trust*, by fraud induced the trustee to advertise and sell the trust property, and at the trust sale put down competition by representing that he proposed to purchase with the view of assisting Haynes, by allowing him to retain the property, and thus affording him an opportunity to re-purchase by paying what was due to the *cestui que trnst*.

More than twelve months after Crutchfield's purchase, he brought an action of detinue for the recovery of the personal

property purchased by him under the first deed; and also brought an action to recover the possession of the real estate; in both of which he was successful. In the action of detinue, the verdict and judgment were for $241 28 damages for the detention, and in the suit for the recovery of the lands, the mesne profits were assessed at $392 84. To revise these judgments, a writ of error was prosecuted in each case to the supreme court, with the complainant, among other persons, as his surety in each case, in writs of error bonds. Both judgments have been affirmed against Haynes, and rendered against himself and his sureties in these bonds, not only for the amounts of the recoveries in the circuit court, but for the damages and costs awarded by the supreme court—all which Crutchfield is seeking to collect.

It is then alledged that Crutchfield resides out of this State; that Haynes was insolvent when he executed the second deed of trust, and has continued so ever since; that a *fieri facias* was issued on the judgment in favor of Choice, Harbin & Co., and has been returned by the sheriff of Benton, the county in which Haynes resides, "no property found." If, therefore, the collection of the damages is allowed to be enforced by executions on the judgment in detinue and ejectment, the complainant will be remediless as against Crutchfield.

*Further*, that both of these judgments have been satisfied, except as to the damages and costs, and it is insisted that the damages should be appropriated to the satisfaction of the judgment of C., H. & Co., inasmuch as they are the proceeds of the property fraudulently conveyed in the deeds of trust, and fraudulently acquired at sales under these deeds.

The bill prays that the deeds may be declared void as to the complainant; that the sales made under them may be set aside and held for nothing; or if they be not annulled *in toto*, that Crutchfield may prove what was due him, that a re-sale be made and the proceeds applied fairly and equitably.

*Further*, that Crutchfield be enjoined from collecting the damages recovered by his judgments, and that the sureties in the writ of error bonds be enjoined from paying the same; that these damages be applied to the payment of the judgment in favor of Messrs. Choice, Harbin & Co.

C., H. & Co., and the sureties in the writs of error bonds, with the exception of the complainant, are prayed to be made defendants; that an account between the complainant and Haynes, be taken to ascertain the amount due the former; and if the relief sought is inappropriate, then such other and further relief as may seem meet, is asked.　An injunction was granted in conformity to the prayer.

Crutchfield and Haynes severally answered the bill : thereupon, on motion, the injunction was dissolved, and this fact, together with the complainant's bond, ordered to be certified to the court of law, as soon as the defendant, Crutchfield, made the refunding bond required by the state.　To revise this interlocutory order, the complainant has appealed to this court.

S. F. RICE, for the plaintiff in error, made the following points :　1. The bill was filed by a judgment creditor, who has pursued his debtor with an execution to "no property found," with a view to set aside a fraudulent conveyance by him of certain real and personal property, and a purchase made at a sale thereunder by the fraudulent grantee; and thus subject the proceeds to the satisfaction of the judgment. Its equity is clearly defensible.　[5 Ala. Rep. 324; 7 Ibid. 269, 318, 926 ; 8 Ibid. 694.]

2. A court of chancery will take from a party the benefit of his own fraud, and give to creditors the proceeds of property fraudulently kept from their grasp.　[3 Porter's Rep. 249 ; 2 Ala. Rep. 571; 4 Johns. Rep. 536.]　Even the honest purchaser has, where equity required it, been compelled to account for the proceeds of property.　[2 Ala. Rep. 256.]

3. An injunction which has been properly granted, should not be dissolved until all the defendants have answered; where two are charged with fraud, one admits and the other denies it, the injunction should be continued for proof.　[7 Ala. Rep. 539; 2 Johns. Ch. Rep. 148.]

4. Where one of the purposes of a mortgagor and mortgagee is to deter the creditors from attaching the mortgaged property, as to those creditors the mortgage is void, although the principal purpose was to secure a bona fide debt.　[2 Pick. Rep. 129 ; 7 Metc. Rep. 520.]

5. The possession of the property in question by Haynes for a long time after the sale under the deeds of trust, coupled with the other facts alledged in the bill, and not denied even by Crutchfield, is strong proof that there was a secret trust between them, and that the creditors of Haynes were intentionally delayed and hindered in the collection of their debts.   [1 Smith's Lead. Cases, 43 Law Lib. 1.]

6. The answer of Haynes contains a full and fair disclosure, and is entitled to greater weight than his co-defendant's, who is charged with a participation in the fraud, and should therefore have made a full statement of every thing pertinent within his knowledge.   [7 Ala. Rep. 269, 926.]

W. P. CHILTON, for the defendant in error, insisted that Crutchfield's answer was a full denial of the equity of the bill, and as to him the injunction was rightly dissolved.  *Besides*, it may be added, that the complainant is amply protected by a refunding bond which has been executed, and cannot therefore be injured.   The answer of Haynes is no evidence against Crutchfield, and though he may have meditated a fraud in making the trust deeds, (which is by no means certain), Crutchfield, who was a *bona fide* creditor, cannot be affected by his *mala fides*, there being no evidence of his participation in it.   Haynes's answer is entitled to the less weight, as he testifies to his own fraud.

It is not necessary that the mortgage should state with precision the amount of the debt intended to be secured ; for it will be upheld, though it states the debt at too large a sum, or contemplates an increase, and stand as a security for the sum really due, and further advances ; especially, if there is no fraud imputable to the mortgagee.   [7 Cranch's Rep. 34 ; 1 Monr. Rep. 69 ; 6 Johns. Ch. Rep. 429 ; 2 Leigh's Rep. 353.]

But the bill has no equity—the complainant is contesting the validity of the deeds at law—has elected to proceed there, and cannot be heard in chancery.   The judgment for damages against Haynes is no part of the property of the latter, nor the proceeds of it—there was no lien on it, nor any circumstance authorizing its condemnation, more than any other property of Crutchfield.

The party really interested, and who is presumed to be acquainted with the matters alledged, before an injunction rightly granted, will be dissolved, must answer the bill; and such is the effect of the cases cited from 2 Johns. Rep. 148; 7 Ala. Rep. 539. Here Crutchfield is that party. If Haynes has an interest, it is in establishing the fraud in the deed, and thus relieving the complainant, his surety, from liability.

The record discovers many circumstances tending to show that there is an understanding between complainant and Haynes to defeat Crutchfield—this is indicated by the answer of Haynes, by the complainant becoming a surety for the prosecution of a writ of error, &c.

No inference prejudicial to Crutchfield can be drawn from his retention of the property; for he used every legal means to recover it, as soon as his health permitted, though the complainant aided in protracting litigation, the object of which was to recover the possession, by becoming Haynes's surety for writs of error.

COLLIER, C. J.—It is objected by the plaintiff, that the injunction should not have been dissolved, as a motion for that purpose was previously made and overruled. Without stopping to consider whether this argument, abstractly considered, is well founded, it is enough to remark that the dissolution was denied, with an express reservation that the motion might be renewed; and it was therefore regular to submit it a second time to the court.

The answer of Crutchfield denies all fraud in the making of the deeds of trust, so far as he is concerned; declares that his purchaser at the sales made under their authority was fair and *bona fide*, without any effort on his part to put down competition among bidders; and affirms, that a sum much larger than that at which he bid off the property, was due him from Haynes. This defendant also demurs to the bill, assigning the want of equity and other causes.

Haynes answers, admitting most of the allegations of the bill, yet implicating Crutchfield, only in indirect or general terms, in a purpose to aid him in defrauding his creditors.

As Haynes's answer cannot be evidence against Crutchfield, and it is doubtless his interest to defeat the latter, or

procrastinate the collection of his judgment, we cannot perceive upon what principle the injunction can be continued. Crutchfield is the party whose judgment is suspended, and against whom the injunction prejudicially operates, and we incline to think, that he cannot upon a motion to dissolve, be affected by the answer of Haynes any more than he would, if the latter was the complainant alledging the same facts in a bill.

But waiving this view of the case, and it may be asked on what ground can the equity of the bill, as it respects the injunction, be defended? The damages adjudged to Crutchfield in his suits against Haynes, cannot be avoided by the latter in any *forum*, upon the ground that the deeds of trust are void, because they were intended to defraud his creditors. If the purchases at the trust sales were fraudulent, defence should have been made at law by the defendant there.

The recovery in each of the actions may have resulted from the deeds of trust and sales under them, but it must be borne in mind, that Haynes has no claim upon the damages —he is required to pay them, and we have seen he has no equitable defence, which would enable him to defeat the judgments. If Haynes cannot avoid a collection of the judgments, or submits to their enforcement, what right has a creditor of his to interfere? This is not a controversy between contending creditors for a fund of the debtors, which is insufficient to pay the demands of both, in which chancery is asked to settle the question of preference or priority. But it is insisted, that as the conveyances of the property were fraudulent, and should not be upheld to the prejudice of creditors, therefore the grantee or purchaser who has gained a legal advantage, must yield it up. This argument certainly cannot be supported to the extent to which it is pressed.

Let us forget for a moment, that the complainant was one of the sureties of Haynes, in his bonds for the prosecution of writs of error, and then inquire, whether he could, as his creditor, interfere with the collection of Crutchfield's judgments. Conceding that the conveyances of property which are drawn in question were fraudulent, and could not be supported against creditors, and still there is no ground upon which a judgment for a sum of money recovered by such vendee in

consequence of a detention of the property, could be enjoined by a creditor of the vendor; an execution issued upon such a judgment perhaps might be enjoined in its action against that property.   Such however, is not the purpose of the bill; for it is admitted that an enforcement of Crutchfield's recovery is attempted against the sureties of Haynes. If the complainant should make out to the full extent the allegations of his bill, his lien upon the estate in question will not relate back to a period previous to the filing of the bill, so as to entitle him to profits derived from it by another person before that time; unless he alledged and showed that such person was accountable to Haynes for the enjoyment of the property.   There is no pretence of any thing of the kind, or any foundation upon which to rest it in the present case; for so far from Crutchfield being liable to Haynes, he has actually recovered damages for the use and enjoyment of the estate by the latter, since the purchase under the deed of trust.   Upon no principle of law can the complainant be placed in Crutchfield's shoes, and be allowed to enforce his judgments, so as to obtain satisfaction of his claims against Haynes.

As a creditor of Haynes, the complainant cannot satisfy the judgments enjoined, by setting off against them a corresponding amount of his demands. He could not acquire a lien upon them by the exhibition of his bill, nor can Crutchfield be charged with the payment of his claims.

The complainant cannot be relieved on the ground of his suretyship, or any consideration disclosed in the bill growing out of that relation.   He does not pretend that his principal can be relieved; nor does he *as a surety* independently of his principal, set up an equitable defence to his liability. The equity assumed is as a creditor of Haynes, and this we have seen cannot avail to enjoin the collection of Crutchfield's judgment as it respects the damages for the detention of the personal, and occupation of the real property.   Consequently, the order dissolving the injunction is affirmed.