·No. 34.—FRANCIS THOMAS, plaintiff in error, *vs.* CHARLES W. HORN,· defendant in error.

A defendant in equity answered the bill, and moved, on the foundation of the answer, to dissolve the injunction. The Court overruled the motion. Afterwards the defendant amended his answer, and without having any terms imposed on him for doing so. He then moved to dissolve the injunction, on the foundation of the amended answer.

*Held,* that he might make this second motion, notwithstanding the judgment in the first.

. In Equity, in Dougherty Superior Court. Decision by Judge POWERS, December Term, 1856.

Motion to dissolve injunction.

A motion had been made at a former hearing of this case, upon the coming in of the answer, to dissolve the injunction, which motion was refused upon the ground of the insufficiency of the answer, and that the same did not swear off the equity of the bill, and which decision had been affirmed by the Supreme Court, at a previous term. Afterwards defendant amended his answer and renewed his motion to dissolve the injunction. Which motion the Court refused to grant, upon the ground that the motion having been once made and refused, could not be renewed, although the amended answer might fully meet all the charges of the bill and deny all its equities. Whereupon defendant by his counsel excepts and assigns error.

LYON, for plaintiff in error.

SLAUGHTER, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

In this case, the defendant in the bill put in his answer,

and made a motion founded on the answer, for the dissolution of the injunction. This motion the Court overruled.

Afterwards the defendant amended his answer and made another motion founded on the amended answer, for the dissolution of the injunction.

This motion, the Court held barred by the judgment in the first motion.

The simple question is, whether in holding this the Court held right?

There can be no doubt, that a Court of Equity would refuse to entertain a second motion to dissolve an injunction, if both motions were placed on precisely the same foundation. But it by no means follows from this, that it would or ought to refuse to entertain a second motion, if the second was placed on a different foundation from that of the first.

In such a case, the doctrine of *res adjudicata* could not apply.

It is true, that in such a case, it might be, that the doctrine of discouragement to laches would apply. If mere negligence was the reason why the first answer failed to present the case presented by the second, a Court of Equity would be justified, if not required, to refuse to entertain the second motion.

But in this case there are facts which we think repel the idea, that negligence was the reason why the first answer lid not present what was presented by the second.

The facts are, that the Court allowed the defendant to amend his answer without terms; without imposing a condition that he was not to make a second motion founded on the answer as amended for a dissolution of the injunction. And the statute of amendments of 1854, although it says, that though the Court shall allow any amendment at any stage of the cause, yet also says that it may compel the amending party to pay the costs, and may enforce "other reasonable and equitable terms on him at discretion."

Now, we think, that if it was negligence in the defendant which rendered an amendment of the answer necessary or proper, the Court would, and should, under this statute, have imposed terms of *some* sort on him. None of any sort having been imposed on him, we suppose that it was some other thing than negligence in him, that made it necessary or proper to amend his answer. *Acts* 1853–4; 48.

The statute evidently intends that a party may have an unlimited right of amendment, but not *gratis*. It intends that he shall *pay for the right*, and it leaves the *price absolutely to the discretion of the Court* restrained by nothing but a regard to what is reasonable and equitable. When however, the amending party has paid the price imposed on him, that ought to restore him to favor with the Court, and the matter of his amendment ought to be as available to him as if it had been presented in his original answer.

In this case, as I said, it does not appear that any terms were imposed on the defendant, as the price of the right to amend his answer. He, therefore, is not to be viewed with disfavor because he has amended his answer. His answer must be considered as worth as much to him, as if there had been no defective answer, and no motion thereupon.

We think therefore, that the Court below ought to have entertained the second motion, notwithstanding the judgment on the first.

This Court, however, is not to be understood as intimating an opinion, that the act of 1854 ought to be so administered as to encourage or to countenance negligence; this Court thinks that the act ought not to be so administered as to produce that effect. And it thinks that there is no necessity that the act should be so administered as to do so. Let the Courts refuse to allow amendments, except on such terms as shall prevent delay of the trial. Let them exact of the applicants for leave to amend, undertakings to go to trial at an early day; waivers of all formal objections of every kind; waivers of the proof of documents, and of the pro-

duction of books; waivers of the proof of all matters not really in issue, whenever it can be done consistently with a regard to what is reasonable and equitable.

Judgment reversed.