# CHARLESTON.

ARBUCKLE *vs.* McCLANAHAN ET AL.

MATHEW ARBUCKLE, PLAINTIFF AND APPELLANT AGAINST ELIJAH G. McCLANAHAN AND J. G. RADER, DEFENDANTS AND APPELLEES.

Decided February 21, 1873.

## SYLLABUS.

1. When a cause is regularly heard on bill and answer (the answer denying the material allegations of the bill), and general replication, exhibits, and upon a motion to dissolve an injunction; in the absence of evidence tending to prove the material allegations of the bill, it is error in the Court to refuse to dissolve the injunction, and refer the cause to a commissioner, to take the account prayed in the bill.

2. When the Court erred as in the case above stated, it is not error in the Judge of the Court afterwards upon proper notice and motion in vacation to dissolve the injunction, before the report of the Commissioner is made, if the Plaintiff at the hearing of the motion to dissolve still fails to present evidence tending to prove the material allegations of his bill; and in such case it is not error for the Court to dissolve the injunction, before disposing of a report of a Commissioner or exceptions thereto, or exceptions of Plaintiff to depositions of Defendant.

1873.
January
Term.

Arbuckle,
v.
McClanahan
et al.

The opinion of Judge HAYMOND contains a statement of the case.

*Dennis* for Plaintiff and Appellant.
*Price* for Defendants and Appellees.


HAYMOND, PRESIDENT:


The Plaintiff filed his bill in this cause, alleging that on the 20th day of October, 1859, he executed to the Defendant, Rader, a trust deed, on 1,800 acres of land, more or less, situated in Greenbrier county, to secure a debt of $10,000.00, to the defendant, McClanahan, evidenced by a bond for that amount of same date as the trust deed; the interest on said debt to be paid semi-annually and the debt payable the 20th of October, 1864. A copy of the deed of trust is filed with the bill as an exhibit. The deed of trust appears to be in the usual form, with the exception of a clause in the concluding part thereof, which is in these words, to-wit.: "It is expressly agreed upon by and between the parties to this trust deed, that in the event the said Mathew Arbuckle shall fail to pay any of the semi-annual instalments or sums of interest, as they shall from time to time fall due, to-wit.: on the 20th day of April and the 20th day of October in each and every year, or at the end of five years, to-wit.: on the 20th day of October, 1864, shall fail to pay the principal sum, with interest which shall then be due, in either event it shall be the duty of the said James Griffen Rader, the trustee aforesaid, being required so to do by the said Elijah G. McClanahan, to sell the said lands at public auction for cash, &c." Plaintiff alleges that McClanahan was the guardian of the infant children of William McClung, deceased, and as such had in his hands a large amount of bonds and notes due to the infant children as a portion of their

1873.
January
Term.

Arbuckle,
v.
McClanahan
et al.

father's estate. That McClanahan transferred to Plaintiff an amount of these bonds, with the interest added thereon, equal nominally to $10,000.00, for which Plaintiff made the bond, to secure the payment of which he made the trust deed. That McClanahan did not loan or pay Plaintiff one dollar in money, but, the whole of the $10,000.00 was in bonds and notes due from other persons, which were assigned to Plaintiff. That thus Plaintiff gave his bond for $10,000.00, bearing interest from date for an equal amount in paper (bonds, notes, &c.), a large proportion of which was interest, and was not an interest bearing fund; and he charges that some of these notes, and bonds, &c., he was never able to collect, by reason of the insolvency of the parties, or by the failure of the consideration, or payments and offsets, made or held by the debtors against the original obligee, so that he has never realized $10,000.00 from said notes so assigned to him. Plaintiff also charges, that the consideration of the bond of $10,000.00 has partially failed, but to what extent he cannot precisely state, though he will be able to do so at the proper time. He further alleges that he did pay the interest punctually until the breaking out of the war, and has paid some since, but is unable without a settlement with the parties, to state what balance is due upon the bond. That credit should be given for the bonds assigned, which were worthless or which he could not collect, because of a legal defence existing to them before they came into his hands. That Rader, the trustee, without settling any of these questions and totally ignorant of the amount due from Plaintiff, advertised his lands for sale on the 24th of September, 1870, in front of the Lewisburg Hotel in said county, for *cash*. That the land is in a high state of improvement, is the best blue grass land in the county, and is worth from $50,000.00 to $70,-000.00, but, if sold under the circumstances for *cash*, would not bring anything like its value, and would be almost entirely sacrificed. That without a settlement,

1878.
January
Term.

Arbuckle,
v.
McClanahan,
et al.

he cannot state what is due on his said debt. That the notice of sale for four weeks in a local paper of limited circulation is altogether insufficient. That considering the amount of the debt, and value of the property to be sold, this cannot be regarded as a reasonable notice. He then makes McClanahan and Rader parties defendant to his bill, prays that they be required to answer the same under oath, and that they be enjoined and prohibited from selling the lands, and that the cause be referred to a Commissioner of the Court, &c. Upon this bill, an injunction was granted in accordance with its prayer. The bill was filed on the 21st day of September, 1870, and at October rules, 1870, McClanahan filed his answer and notice to dissolve the injunction, at the next term of Court. The answer of Rader was also filed. McClanahan, in his answer, says the debt mentioned in the bill was given for a corresponding amount of bonds derived from the estate of McClung, deceased, transferred to Plaintiff by him as guardian of the infant children of McClung, deceased, at the instance of Plaintiff. That the bonds were regarded at the time as good by both himself and Plaintiff, and that he never before heard that any of the bonds proved worthless, and he calls for full proof of the allegations of Plaintiff, in this respect. He says that in ascertaining the value of the bonds the interest was calculated up to date, and added to principal, that if they had been paid then, they would have produced that sum. That Plaintiff had it in his power to collect the bonds if he had chosen, and not pay more interest than he was receiving. That so far as he knows Plaintiff paid nothing on his debt but what is credited on the bond. That the bond was generally in the possession of Rader, and he received whatever sum was paid. That the sale was advertised according to the terms of the deed. Rader says in his answer that it is not true that Plaintiff paid the interest punctually to the commencement of the war. That since the war, on

1873.
January
Term.

Arbuckle,
v.
McClanahan,
et al.

the 17th day of September, 1868, he paid $700.00, which did not discharge the interest. That he (Rader) has had the bond in his possession pretty much since its execution. That it was given to him to hold and receive the interest soon after its execution, and that every dollar of interest ever paid upon it is indorsed thereon. He files with his answer as part thereof a copy of the bond, with, as he says, all the credits ever paid indorsed thereon. He also says he never before heard that some of the bonds could not be collected by the use of ·due diligence, or that any of them were not collected from any cause, and he calls for proof thereof. On the copy of the bond filed by Rader with his answer these credits are indorsed, viz.: 1860, April 20th, by cash for interest, $300; 1860, October 20th, by cash of Rader for interest, $300; 1863, May 21st, by cash on this bond, $600; 1868, September 17th, by cash, $700. It was about eleven years from the time Plaintiff received the notes and bonds which he alleges were assigned to him, until he filed his bill in this cause, and although that length of time had then elapsed, he says in his bill that he is unable to state or specify the notes, bonds, &c., which he was not able to collect, by reason of the insolvency of the parties. or by failure of consideration, or payments, and offsets made or held against the original obligee. The alleged inability of Plaintiff to collect some of said notes or bonds, is the chief ground of complaint set up in his bill, and notwithstanding he has had eleven years in which to ascertain the facts, he admits that he can neither specify the notes or bonds or the amount he has been unable to collect. This to me is somewhat singular and strongly tends to produce conviction that Plaintiff's complaint in this particular is not well founded. The charge of Plaintiff in his bill in respect to his inability to collect some of said bonds and notes, is too vague, and indefinite. It fails to give the Defendants such specific notice as they are en-

14

1873.
January
Term.

Arbuckle,
v.
McClanahan.
et al.

titled to, and should have, to enable them to make proper answer. Again, Plaintiff says that he is unable to say, what amount of interest he paid on the bond, and cannot state without a settlement with the parties what balance was due thereon. But he fails to state that he ever made any effort to ascertain the balance, and does not pretend that he ever requested McClanahan or Rader to make settlement or that there is any difficulty or dispute about a settlement. He does not state who assigned him the bonds or notes—this he seems for some cause to have omitted, though McClanahan says in his answer that the executors of McClung assigned them to Plaintiff, at his (McClanahan's) instance. He does not pretend in his bill that he ever notified McClanahan or Rader that he was unable to collect or had failed to collect any of said notes or bonds for any cause, or that McClanahan or Rader disputed or refused any credit. On the 19th day of October, 1870, the cause was heard without objection on the bill, answers of McClanahan and Rader, replications thereto, exhibits, and on a motion to dissolve the injunction, and the Court refused to dissolve the injunction at that time, and referred the cause to special commissioner, Withrow, with instructions to ascertain and report, First, the facts in reference to the execution of the bond mentioned in the answer of Rader, and the consideration of the same. Second, to what extent the consideration has failed and in what respect. Third, what amount of the bonds transferred by McClanahan to Arbuckle could not be collected by Arbuckle, by the use of proper diligence. Fourth, what amount is still due upon the bond. Prior to the date last aforesaid the Plaintiff, had failed to take any depositions in support of the allegations of his bill, although he must have known that the allegations were denied by the answer of McClanahan, and proof thereof required of him; and also that McClanahan at the time he filed his answer caused to be entered notice of a motion to dissolve at the

1873.
January
Term.

Arbuckle,
v.
McClanahan,
et al.

next term of Court upon the rule book with the entry of the filing of his answer. The cause being heard on the bill and answers, and replications thereto, and on the motion to dissolve, in the absence of any evidence tending to prove the material allegations of Plaintiff's bill, all of which were denied by answer, the Court erred in refusing to dissolve, and referring the cause to a special commissioner for the purposes above stated. I am unable to discover anything in the cause to authorize, or justify this action of the Court in this respect. On the 22d day of July, 1871, the Judge of the Circuit Court of Greenbrier county in vacation, upon notice dissolved the injunction in this cause. In the decree dissolving the injunction, it is recited that the "cause came on to be heard in vacation the 22d day of July, 1871, upon the papers formerly read therein, upon the report of commissioner, James Withrow, and exceptions thereto, affidavits filed, and exceptions thereto, upon the notice to dissolve the said injunction, and upon arguments of counsel. On consideration whereof it is adjudged ordered and decreed that the injunction in this cause be dissolved." From this decree the appeal in this cause is taken, and it is maintained, by the Plaintiff, that the decree is erroneous and should be reversed. First, because there has been no sufficient or proper report of the special commissioner upon the matters referred. Second, that the report made, was made up without notice to the Plaintiff. Third, the Plaintiff has had no opportunity of proving the allegations of his bill. Fourth, the exceptions to commissioner's report are not disposed of in the decree, and the report is neither confirmed nor re-committed. Fifth, the exceptions to the depositions are not disposed of. The Court was authorized under the circumstances to dissolve said injunction, in the absence of a report from the commissioner, and without deciding upon the exceptions to the report of the commissioner, or the exceptions of Plaintiff to the deposi-

1873.
January
Term.

Arbuckle,
v.
McClanahan,
et al.

tions of Defendants.    The material allegations of the
bill being denied by answer, and not sustained by evi-
dence, it was not error in the Court below to dissolve the
injunction without waiting for a report, especially, when
the reference made to· the commissioner was unauthor-
ized and improper.    " The Court of Chancery is always
open to re-instate as well as to grant an injunction.   The
Complainant should always be ready to prove the alle-
gations of his bill of injunction."    (Ch. Taylor,) Rad-
ford's Ex'ors vs. Inues's Ex'ors, 1 Hen., and Munford, 8.
Has the Plaintiff had no sufficient opportunity of prov-
ing the allegations of his bill?    It was about nine
months after Clanahan filed his answer, before the Chan-
cellor dissolved the injunction, and still Plaintiff has
failed to take the deposition or affidavit of any witness
to sustain the allegations of his bill, although he was
warned in the answers, that proof was required.    If
Plaintiff has proof of the material allegations of his bill,
he should have presented it to the Court.    He has had
ample time to do so, and has utterly failed to sustain his
complaint.    There is no proof in the cause, that Plain-
tiff is entitled to any credits upon the bond for $10,000.-
00, other than those endorsed upon the bond as shown
by the answer of Rader, and under the circumstances, I
cannot see that any wrong has been done to Plaintiff in
dissolving said injunction, of which he can justly com-
plain.    The money involved in this cause belongs to in-
fants, and a Court of Equity should not restrain or pro-
hibit its collection, unless it was manifest that a due ad-
ministration of justice required such action.    The prin-
cipal debt became payable in 1864, and its collection un-
der the trust deed, has already been delayed by judicial
proceedings much longer  than the  vague and indefinite
complaint ·set up in the  bill would seem  to authorize,
especially when that complaint is denied and is wholly
unsupported by  evidence.    Entertaining these views
touching this cause, I am of the  opinion that the order

1873.
January
Term.

Arbuckle,
v.
McClanahan,
et al.

rendered therein on the 22d day of July, 1871, dissolving the injunction, must be affirmed with costs to the Appellees in this Court, and $30 damages—and that the cause be remanded to the Circuit Court of Greenbrier county for further proceedings to be therein had.

Judges PAULL and MOORE concur in the above opinion.