## DONNA IRR. DIST. HIDALGO COUNTY NO. I, et al. v. MAGNOLIA PETROLEUM CO.

### No. 9184.

Court of Civil Appeals of Texas. San Antonio.

April 5, 1933.

Rehearing Denied June 21, 1933.

D. W. Glasscock, of Mercedes, Kennedy Smith, of Edinburg, Strickland, Ewers & Wilkins, of Mission, Walter G. Weaver, of Donna, and R. M. Bounds and Griffin, Kimbrough & Cox, all of McAllen, for appellants.

C. K. Richards and Seabury, George & Taylor, all of Brownsville, for appellee.

FLY, Chief Justice.

There were two appeal bonds filed in this case, one by the irrigation district and one by the drainage district, although there are two styles given to the case in the record, which would indicate that the appellants were the irrigation district and the Magnolia Petroleum Company. The styles were in unison the mélange and mixture of two separate causes, between different parties, and instituted for different purposes.

The court granted a temporary injunction to restrain the drainage district, the directors, and all others connected with the money of the district, from paying out any money on any claim against it during the pendency of the suit. The Magnolia Petroleum Company and the International Creosoting & Construction Company moved to dissolve the injunction, and the court overruled the motion of the creosoting company, but granted the motion of the petroleum company, in so far as it affected a claim of said company, which had been changed into a judgment; the injunction as to all other claims being left intact. This appeal was perfected as to the Magnolia Petroleum Company alone, although the creosoting company has filed a brief and seeks to appear in this court. It gave no notice of appeal and filed no appeal bond. The two appeal bonds filed, one by the drainage district and the other by the irrigation district, were payable only to the Magnolia Petroleum Company. The judgment as to the creosoting company was satisfactory to all parties except that company, and therefore no one brought it up on appeal.

The court, in preferring the Magnolia Petroleum Company above all of numerous creditors of the drainage district, could have proceeded upon but one theory, and that was, that judgment which had been rendered by a district court, affirmed by a Court of Civil Appeals, and writ of error denied by the Supreme Court, had some superior dignity and importance conferred on it thereby, and that it took precedence over all other claims. We assume that this must have been the theory of the court, because the creosoting company had a district court judgment, which had

been appealed, but which had not run the gantlet of the appellate and Supreme Courts.

The law has never given priority to a claim which has been merged into a judgment against an estate or other concern owing claims, by any statute in this state. In the case of an administration of an estate, it is required that the claims shall be classified and paid in certain order, and among the classes mentioned judgments are not specifically mentioned, but 'are classified and paid as any other claim. A judgment in such case, not foreclosing a lien, has no precedence or preference over other claims as to payment. Article 3523 provides that a rejected claim established by a judgment must be again presented and take its place with other claims. That provision clearly shows that a claim established by a judgment has but one advantage over other claims, and that is, that it cannot be rejected by the administrator. The only thing given to a judgment by the approval of the upper courts would relate to its finality alone, and not give it any preference over other claims. McQuilen, Mun. Corp. § 2413; Voorhies v. Mayor, 70 Tex. 331, 7 S. W. 679.

After the Magnolia Petroleum Company was made a party to the injunction suit instituted by the irrigation company, it then filed an application for a writ of mandamus to compel the drainage district to pay off its judgment prior to any other claims. The court granted the writ of mandamus. These two causes of action seemed to have been prosecuted simultaneously, although two appeals are prosecuted from two separate judgments. The court diligently gave the information that there was no consolidation of the two cases, although there are recitals in the judgment on the matter of dissolving the injunction, which to all intents and purposes did consolidate the two causes of action. They are as inextricably bound together as the Siamese twins, and whatever strikes Eng is felt by Chang. This judgment of this court will be aimed at the whole proceeding.

The two judgments are reversed and set aside, and it is the order of this court that the original order of the district court granting the writ of injunction as to all claims is hereby in all things affirmed.

### On Motion for Rehearing.

The trial of the two causes and the rendering of separate judgments in a case where the causes were not consolidated and should not be consolidated has created some confusion as to the proper disposition of the cause. As stated in our original opinion, the two districts as appellants and the Magnolia Petroleum Company as appellee are the only parties before this court on the appeal. The creosoting company is not before this court.

■■■ Further consideration of the facts, on the motion for rehearing, has convinced this court that there was error in the judgment as rendered by this court. In 1930, the appellee herein obtained a judgment against Hidalgo county drainage district No. 1, for approximately $7,000, the payment of which is now sought in this case. This court affirmed that judgment, which contained a mandamus to the district to levy taxes and take all necessary steps to obtain a fund to pay off such judgment and costs. 47 S. W.(2d) 875. The affirmance left that mandamus in full force and effect, and at the time of the trial of the case it was in full force and effect, and the judgment should have been paid by the district. The cause, after affirmance by this court, was taken, by writ of error, to the Supreme Court, and the judgment in all things approved.[1] Afterwards a writ of temporary injunction was applied for and obtained in this case by appellants. On the hearing of a motion to dissolve the temporary injunction made by the Magnolia Petroleum Company, the court dissolved the injunction so far as that company was concerned, but otherwise left it in full force and effect. We have concluded that action of the court was correct, because the temporary writ of injunction was in direct conflict with the judgment held by appellee, which included a mandamus compelling payment of the judgment. The dissolution of the writ of injunction, so far as it applied to the judgment, restored the mandamus contained therein to all its power and vigor, and of course no other mandamus should have been issued by the court, which added nothing to the former writ of mandamus and merely increased costs in serving it. It was and is now the duty of the drainage district to obey the former orders of the district court and of the Court of Civil Appeals and the Supreme Court. There was no necessity whatever for the issuance of a second mandamus.

It is the order of this court that, in response to the motion for rehearing, the former order of this court in this case be set aside, that the judgment of the district court made as to the dissolution of the temporary injunction be in all things affirmed, but that the order granting the writ of mandamus be reversed and set aside and appellee pay all costs incurred with reference to the writ of mandamus, and that all other costs be assessed against appellants. The motion for rehearing is granted in part and overruled in part.

---

[1] Writ of error refused without opinion.