## INTERNATIONAL CREOSOTING & CONSTRUCTION CO. v. HIDALGO COUNTY DRAINAGE DIST. NO. 1 et al.
### No. 9239.

Court of Civil Appeals of Texas. San Antonio.
June 21, 1933.

Rehearing Denied July 26, 1933.

C. K. Richards, of Brownsville, for appellant.

D. W. Glasscock, of Mercedes, Strickland, Ewers & Wilkens, of Mission, R. M. Bounds, of McAllen, and Kennedy Smith, of Edinburg, for appellees.

FLY, Chief Justice.

This is an appeal from an order sustaining a general demurrer to a motion to dissolve a certain writ of injunction restraining appellees from the payment of any claims

against the district until a determination of the suit. The injunction was issued at the instance of the Donna irrigation district, and on appeal to this court the judgment was in the original opinion reversed, but afterwards on rehearing the injunction was sustained as to all claims except a claim of the Magnolia Petroleum Company, which had been merged into a judgment, and which judgment the drainage district was commanded to pay off. (Donna Irr. Dist., Hidalgo County No. 1, v. Magnolia Petroleum Co., 62 S.W.(2d) 207.) That judgment had been affirmed by this court and the Supreme Court. Appellant herein was a party to the suit just mentioned, and did not appeal from the order sustaining the injunction as to it and other claimants. After the decision of this court was rendered, appellant filed a second motion to dissolve the injunction, which was denied by the trial court, and this appeal has been perfected from the order denying a dissolution of the writ of injunction.

At the time the injunction was granted appellant had and held a judgment rendered by the district court, wherein the drainage district was commanded to levy the necessary taxes and to pay off and discharge the judgment. An appeal was prosecuted from that judgment to the Court of Civil Appeals, where it was affirmed; and at the time the motion to dissolve the injunction was first made and overruled as to all parties, except the Magnolia Petroleum Company, the appeal was pending on a writ of error in the Supreme Court. Appellant did not appeal from that order when the Magnolia Petroleum Company appealed, and afterwards when a writ of error was denied by the Supreme Court appellant filed another motion to dissolve the injunction, setting up all the facts herein recited, as well as others. A general demurrer was sustained to the motion to dissolve; the trial judge reciting the following findings of fact:

"When the matter of the dissolution of the Injunction in the case of Donna Irrigation District No. 1, vs. Hidalgo County Drainage District was heard by this Court this past January, motions to dissolve having been urged by Magnolia Petroleum Company and by the International Creosoting and Construction Company, the Court rendered judgment dissolving the injunction insofar as the Magnolia Petroleum Company was concerned, and granted it a Writ of Mandamus, for the reason that it had a final judgment against the Drainage District; and as the Court interpreted the law as laid down in the case of Voorhees v. Mayor, 70 T–331, was of the opinion that because the Drainage District was a political subdivision with taxing power, the principle of proration did not apply as it moved against a private corporation or the estate of descendant where the estate is limited.

"There is no essential change in the status of the case and the present motion to dissolve, except the Creosoting Company now has a final judgment, Writ of Error having been denied by the Supreme Court, and in view of the holding of the Court of Civil Appeals at San Antonio, opinion by Chief Justice Fly, the Court sustains the General Demurrer to the Motion to dissolve."

These findings seem to be made in view of the original opinion of this court.

A different state of facts existed when the second motion to dissolve was presented from that existing when the first motion was placed before the court. At that time appellant had no final judgment; had no order to the drainage district to pay off the judgment. The motion shows that appellant, since the overruling of the first motion, had obtained a final judgment in which was embodied a mandamus to the drainage district to pay off the judgment. An injunction against the payment of the judgment was an attempted nullification of the judgment of the Supreme Court that the judgment of the district court be paid. While two motions to dissolve the same injunction by the same party, in the same case, would not be upheld, yet, if the facts have changed so as to present another and different case, the court should entertain the second motion. The facts alleged in the second motion are sufficient to form a basis for a second ruling on the motion to dissolve the injunction, and the general demurrer was improperly sustained. Appellant should be heard upon the facts alleged in the motion to dissolve, which if true will entitle it to a dissolution of the temporary injunction in so far as it affects the Creosoting Company.

The judgment is reversed, and the cause remanded.