289 So.2d 594

**F. R. INGRAM**

**v.**

**George ERWIN, Ind., et al.**

**SC 294.**

Supreme Court of Alabama.

Jan. 31, 1974.

F. R. Ingram, pro se.

Thomas Reuben Bell, Sylacauga, for appellees.

COLEMAN, Justice.

The respondent undertakes to appeal from a decree overruling and denying his motion to dissolve an injunction. The decree was filed February 22, 1973. It appears on page 77 of transcript.

Respondent is F. R. Ingram. Complainants are George Erwin and George Erwin Equipment Repair, Inc., a corporation. Complainants will sometimes be referred to in the singular as complainant or as Erwin.

Litigation began when respondent filed a complaint in detinue against complainant on December 16, 1971. In the complaint, respondent sought to recover certain machines, to wit: one ditch digging machine, one Lorain Mobile Crane, one tractor-shovel, and "Two Jibs." Respondent subsequently filed a detinue bond and affidavit. Other pleadings were filed by both parties in the detinue action.

While the detinue action was pending, the Supreme Court of the United States rendered decision in Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556.

On November 7, 1972, respondent filed in the detinue action a motion asking the court to afford to complainant a hearing as required by *Fuentes,* and asking further that upon the hearing the court award to respondent possession of the property claimed, either with or without bond as the court may deem proper. The hearing was set for November 16, 1972.

On the day set, the parties appeared before the court. Counsel for each party made an opening statement. Respondent took the witness stand. After respondent

had testified at some length, the following appears in the record:

"THE COURT: Mr. Bell, in your equity bill did you offer to do equity; that is, in behalf of the complainant. Has the complainant offered to do equity?

"MR. BELL: If I haven't, I will amend to do so.

"THE COURT: All right, sir, do you have any further statements to make to the Court? The Court would suggest that you do that, not require. The Court can't require you to do anything. The Court would suggest that you interline and put on Mr. Ingram's copy that the Complainant offers to do equity.

"MR. BELL: May I have leave of the Court to do this at this time?

"THE COURT: Yes, sir.

"A. I want to make this statement. . .

"THE COURT: All right.

"A. In the Bill of Complaint in Equity, I know nothing about this separate suit except that I received a letter, a copy of a letter sent to Your Honor, that he was going to file a suit or had filed a suit. As of this moment, I know nothing about that suit. This suit of mine has been pending in the law side of this court for many months and no action was taken in regard to any counter-suit in equity to this last suit that was filed.

"THE COURT: Do you have a copy of the equity complaint, Mr. Bell?

"Are you willing, Mr. Ingram, to accept Mr. Bell's copy of the suit and accept service of the suit?

"A. Oh, yeah, I will accept service on anything he wants to serve on me.

"THE COURT: All right, show that on the original here in this equity file that he accepts service and waives any further service that may be provided by law. Date it and let him sign it.

"A. That's all he has to do to certify that he gave a copy to me.

"THE COURT: Well, that's under the Statute of Notice, but under the Statute of Service you've got to show that the sheriff served you or you waived it, one or the other.

"A. As I understand, the sheriff has the paper now.

"THE COURT: Well, what I am trying to do is to keep the sheriff from serving or, if he does, you will already be served. You are also entitled, under the rules of the Court, to receive a copy of any pleadings, other than, of course, the original bill of Complaint, which is served by the sheriff.

"A. Your Honor, I inist (sic), at this time, on the right to file a bond in detinue to recover possession of the property and, if we can find out by litigation and find out under that bond if he was protected and the issues we can find out at a later date. I want possession of that property so I can do something about it. I don't know if he is able to pay for damages or . . .

"THE COURT: Well, the problem is, Mr. Ingram, you've got equitable matters here as alleged in this equity bill that can't be resolved in a detinue suit without another suit. The Court would prefer to settle this matter in one suit and think it would be to your interest and to the other party that it be settled under one suit.

"A. Well, this is depriving me, after all these months, by a mere filing of a bill of complaint in equity and depriving me of my right to possession of that property under the detinue laws of Alabama. This is what this hearing is for and I would also like to make one more statement.

"THE COURT: Just make it to the Court Reporter from where you are, Mr. Ingram.

"A. This is part of my testimony and I say under oath that this property is mine.

It belongs to me and belongs to no one else; that is, to say, the property sued for in the detinue suit.

"THE COURT: I think you need to put on some testimony, Mr. Bell, if you expect the Court to enjoin it. I think it should be determined in one lawsuit. I think this, you got two lawsuits filed here now. The detinue suit, if allowed to proceed, you've got to proceed with this equity suit or amend it and include this bond and all that stuff and sue him on the bond. In other words, it is going to take more than one lawsuit to dispose of it.

"MR. BELL: We feel that we are entitled to defend this action under our warehouseman's lein, until those matters be resolved and we would like to offer testimony.

"THE COURT: All right, the Court is ready to hear testimony and the Court would think, of course, that testimony would be necessary."

George Erwin then testified for complainant and was cross examined by respondent. During cross examination, the following appears:

"THE COURT: Mr. Ingram, the Court does not want to restrict you in our cross-examination in any manner, but the Court understands that this case is certainly not being tried on its merits. It's a matter of whether the Court decides whether to enjoin or to allow the Plaintiff in this equity case to enjoin your detinue action and consolidate, more or less, all these matters in this one suit. You may proceed."

After Erwin's testimony, argument of counsel was made. Next the following appears:

"RULING OF THE COURT

"BY HONORABLE JAMES H. SHARBUTT:

"The Court enjoins Case Number 1914, in the Circuit Court of Shelby County, Alabama, on condition that the Defendant, who are Complainants in Case Number 5419 in Equity, enter into a bond approved by the Register of this court in the amount of a Thousand Dollars, payable to the Respondent in Case Number .5419, as provided by the Code of Alabama.

"As this is machinery outside a warehouse, as stated, without cover, if Mr. Ingram will file an answer, I think this bill is not demurrable. I think it has equity and should be heard under the merits. If he will file an answer, I will set that case for trial prior to January 10th. It depends on his pleading; that is, the Respondent's pleading, of course, as to the progress of the case. Execute the Fiat and Bond and so forth and hand it, or mail it over, in order to process the proper papers.

"MR. INGRAM: I would like to ask the Court to submit a copy of this Bill of Complaint as a statement from the Court that it has been served on me here in court and that a copy of that Bill of Complaint be made a part of the record in this case being tried here this morning.

"MR. BELL: I would be entirely agreeable to the record indicating that it was a hearing in each of these two cases. One, on Ingram's motion and the other on my motion.

"MR. INGRAM: With Mr. Ingram objecting to the hearing on the equity case at this time.

"THE COURT: No sir. You may put that in the record, but the Court wants put in the record that no objection was made by Respondent Ingram in Equity Case 5419. In fact, he accepted service of the Bill of Complaint and implied to the Court that he waived any other service that might be required under the statutes of Alabama. Ket these exhibits, Mrs. Embry.

"MR. INGRAM: Let the record show that I object to the ruling of the Court.

"THE COURT: I will let the record show that you object to how the Court rules. I have no objection to that whatsoever."

The bill of complaint is endorsed as follows:

"I accept service of the foregoing bill of complaint.              s/F. R. Ingram

"Filed in open court this the 16th day of November, 1972. s/James H. Sharbutt
                                        Judge"

The court rendered a formal decree which is dated November 16, 1972, and was filed November 22, 1972. The decree recites that it appears to the court that there is equity in the bill, that complainant is entitled to a determination by the court of complainant's claim to possession of and a lien on the machines in suit, and that complainant is entitled to foreclose his lien "if the same be upheld by the Court, in the action in equity, and substantial evidence being presented to the court in support thereof . . ."

The court decrees that respondent be enjoined from proceeding in the detinue action on condition that complainant file bond for $1,000.00 and that complainant has "a substantial claim to the possession of the property sued for" in the detinue action, and the court declines to award possession of the property to respondent, "either with bond or without bond."

On December 11, 1972, respondent filed a "MOTION TO SET ASIDE THE DECREE OF THE COURT DATED NOV. 16, 1972, AND TO GRANT A NEW HEARING AND FOR OTHER RELIEF."

The motion was set for hearing before the court on December 18, 1972.

On December 19, 1972, respondent filed an amendment to the motion.

By decree dated December 18, 1972, and filed December 21, 1972, the trial court denied "the motion as amended" and allowed respondent "until 4 o'clock P.M. on December 19, 1972, to file demurrers or other responsive pleadings in case number 5419, in equity."

On December 19, 1972, respondent filed a demurrer to the bill. It does not appear that the court has ruled on the demurrer.

On January 11, 1973, respondent filed answer and cross bill.

On January 22, 1973, respondent filed a motion to discharge and a motion to dissolve the injunction.

On January 29, 1973, complainant filed answer to the cross bill.

On February 13, 1973, respondent filed amendment to the motion to dissolve.

On February 22, 1973, the court rendered and filed decree overruling and denying the motions to discharge and dissolve, and respondent appeals from this decree.

On February 14, 1973, complainant filed a motion to transfer the detinue action to equity. On February 22, 1973, the court rendered a decree ordering that the detinue action "be transferred to the equity side of the Court and consolidated with case number 5419, in equity."

Complainant moves to dismiss the appeal on the ground that the appeal was not taken within the time allowed by statutes governing appeals from decrees granting injunction after notice and hearing.

Title 7, § 1054 et seq., ". . . provide an alternate procedure by which a hearing may be had before injunction issue, and an appeal prosecuted from the order granting or denying the application." Berman v. Wreck-A-Pair Bldg. Co., 234 Ala. 293, 296, 175 So. 269, 272. In *Berman,* this court considered whether a respondent had waived three days' notice of a hearing under § 1054 on application for a temporary injunction. Among other things this court said:

"Upon consideration of the whole statutory scheme, and the purposes to be at-

tained, we conclude, that unless waived 'at least three days' notice' is essential to a hearing resulting in an order from which an appeal lies under section 8307.

"Notice required in judicial proceedings is of the essence of a fair administration of justice; we do not overlook the provision of section 8304 to the effect that where the effort to give the required notice has failed, the judge may, in his discretion, proceed to hear the application without notice. This means the proposed hearing under the four sections may be abandoned, and the application heard, under the alternate practice, and, if granted, subject to motion to dissolve.

"The hearing on notice contemplated by section 8304 is intended to safeguard the judicial judgment in granting or refusing injunctions pendente lite; a hearing from both sides, or an opportunity through prescribed notice to be so heard. Lynne v. Ralph, 201 Ala. 535, 78 So. 889. No appeal lies from the order granting the injunction unless shown by the record to have been made, or purporting to be made, after such hearing. Greenwood v. State, 229 Ala. 630, 159 So. 91; Zimmern v. Southern Ry., 206 Ala. 69, 89 So. 171; Lee v. City of Birmingham, 221 Ala. 419, 128 So. 902; Dean v. Coosa County Lumber Co., 232 Ala, 177, 167 So. 566." (234 Ala. at 297, 175 So. at 274)

In *Berman*,. this court concluded that respondent had not had three days' notice of a hearing on March 3rd on an amended bill. This court held further, however, that where hearing had been set for February 19 on a prior bill of complaint, and continued to March 3rd; and, on March 1st complainant had presented to the court an amended bill substantially the same as the original bill except the change of name of the complainant; and, on March 1st, the court set the hearing on the amended bill for March 3rd; then " . . . respondent had notice of the hearing within the purpose and spirit of the statute." This court said that while the record did not

specifically show notice had previously been given of the March 3rd hearing, " . . . we think this is clearly implied, and the new order setting a day and prescribing notice was merely a renewal of the preceding order."

In the instant case no bill of any sort had been filed prior to the hearing. The court had made no order setting a hearing on the application for injunction. Respondent had not received and had not been served with a copy of the bill until his testimony was substantially completed. Respondent agreed to accept service of the bill, but nowhere is it shown that he agreed to waive the three days' notice required by § 1054. Respondent entered on the hearing without notice that the hearing, which began as a hearing on respondent's motion in the detinue action, would become a hearing after notice under § 1054 on application for an injunction.

■ Under the circumstances shown, we are of opinion that there was no waiver of notice and that the order granting injunction is not an order after notice and hearing under § 1054 which would be appealable under Title 7, § 1057, only if the appeal were taken within ten days from the order granting the injunction. Accordingly, the first ground of the motion to dismiss is not well taken.

With respect to the right to appeal, the order granting the injunction is " . . . the same as though the court had granted a temporary injunction without a hearing." WGOK, Inc. v. WMOZ, Inc., 275 Ala. 264, 265, 154 So.2d 22, 24. As stated in the opinion last cited: " . . . the appellant's remedy in regard to the temporary injunction was by way of a motion to dissolve under the provisions of Sec. 1052, Tit. 7, Code of Alabama 1940, and if the ruling was adverse then appeal lies from such adverse ruling. Sec. 757, Tit. 7, Code of Alabama 1940." (275 Ala. at 265, 154 So.2d at 23)

We hold that the order of November 16, 1972, granting the injunction was not an

order granting a temporary injunction after notice. Accordingly, respondent's remedy was by motion to dissolve and by appeal from the order denying the motion to dissolve. An appeal from such an order must be taken within 30 days. Gordon v. Central Park Little Boys League, 270 Ala. 311, 315, 119 So.2d 23, 26.

■ Complainant says that on December 11, 1972, respondent filed his motion to set aside the decree dated November 16, 1972; that the motion to set aside raised all the questions subsequently raised by the motion to dissolve; that by decree dated December 18, 1972, the court denied the motion to set aside; that more than thirty days had elapsed after December 18, 1972, before respondent undertook to take the instant appeal; and, therefore, that the instant appeal is due to be dismissed.

The first question presented is whether the motion to set aside (filed December 11, 1972, and denied December 18, 1972) is to be regarded as a motion to dissolve. If the answer is in the negative, then the filing of the motion to set aside and its denial would not bar respondent from subsequently filing a motion to dissolve. If, however, the answer is in the affirmative, then the question is presented whether the filing and denial of one motion to dissolve an injunction deprives respondent of the right to file a second motion to dissolve and to appeal from the order denying the second motion.

Counsel for complainant states in brief that so far as he has been able to determine, this precise point has not previously been presented to this court, and we have found no prior case deciding this question. In Hudson v. Crutchfield, 12 Ala. 433, 438, the following appears:

"It is objected by the plaintiff, that the injunction should not have been dissolved, as a motion for that purpose was previously made and overruled. Without stopping to consider whether this argument, abstractly considered, is well founded, it is enough to remark that the

dissolution was denied, with an express reservation that the motion might be renewed; and it was therefore regular to submit it a second time to the court."

In the instant case there was no reservation that the motion might be renewed.

In Corpus Juris and Corpus Juris Secundum the following appears:

"A defendant who has once moved unsuccessfully for the dissolution of an injunction as a rule is not permitted to make a second motion for the same object on the same papers, without leave of the court first obtained, and hence *a second motion to dissolve an injunction based on the same grounds as the first ordinarily will be denied,*[87] *although the fact that the court has erroneously refused to dissolve on the first motion may require a dissolution on a second motion where the facts are the same.*[88] . . ." (Emphasis Supplied) 43 C. J. S. Injunctions § 232, p. 971; 32 C. J. Injunctions § 703, pp. 410, 411.

The quoted text is supported by the following cases referred to in footnote 87:

In Hoffman v. Livingston, 1 Johns. Ch. (N.Y.) 211, 212, the chancellor denied a second motion to dissolve, saying:

". . . The same interlocutory motion, on the same matter, ought not to be repeated, without the existence of some new ground. . . ."

In Thomas v. Horn, 21 Ga. 177, the court reversed a judgment overruling a second motion to dissolve an injunction on the ground that the motion having been once made and refused, could not be renewed, although the amended answer might fully meet all the charges of the bill and deny all its equities. The court said:

"There can be no doubt, that a Court of Equity would refuse to entertain a second motion to dissolve an injunction, if both motions were placed on precisely the same foundation. But it by no

means follows from this, that it would or ought to refuse to entertain a second motion, if the second was placed on a different foundation from that of the first.

"In such a case, the doctrine of *res adjudicata* could not apply.

".   .   .   .   .   .

"We think therefore, that the Court below ought to have entertained the second motion, notwithstanding the judgment on the first." (21 Ga. at 178, 179)

In Ford v. Buchanan, 31 Ga. 386, the court reversed an order dissolving an injunction when, at a previous stage of the litigation, a motion to dissolve had been made and rightfully refused, and there had been no change in the pleadings in the meantime.

In International C. & C. Co. v. Hidalgo County D. Dist. No. 1, Tex.Civ.App., 63 S.W.2d 234, the court reversed an order sustaining a demurrer to a motion to dissolve an injunction. The court said:

".   .   .   The motion shows that appellant, since the overruling of the first motion, had obtained a final judgment in which was embodied a mandamus to the drainage district to pay off the judgment.   .   .   .   While two motions to dissolve the same injunction, by the same party, in the same case, would not be upheld, yet, if the facts have changed so as to present another and different case, the court should entertain the second motion.   .   .   ." (63 S.W.2d at 235)

In Arbuckle v. McClanahan, 6 W.Va. 101, cited in footnote 88, supra, the cause had been heard in the circuit court on bill, answer denying the material allegations of the bill, replication, and motion to dissolve an injunction. Evidence to prove the material allegations of the bill was absent. The motion to dissolve was overruled. Subsequently, the trial court rendered a decree dissolving the injunction, from which decree plaintiff appealed. The Supreme Court of Appeals of West Virginia affirmed and said:

".   .   .   The material allegations of the bill being denied by answer, and not sustained by evidence, it was not error in the Court below to dissolve the injunction without waiting for a report, especially, when the reference made to the commissioner was unauthorized and improper. 'The Court of Chancery is always open to re-instate as well as to grant an injunction. The Complainant should always be ready to prove the allegations of his bill of injunction.' (Ch. Taylor,) Radford's Ex'ors vs. Innes's Ex'ors, 1 Hen., and Munford, 8. .   .   .   ." (6 W.Va. at 108)

According to the authorities last considered, if the motion to set aside in the instant case rests on the same foundation as the subsequent motion to dissolve, then the trial court was justified in overruling the motion to dissolve. Respondent's remedy was by appeal within thirty days from the decree of December 18, 1972. The instant appeal was not taken from the decree of December 18, 1972. No security for costs of appeal was filed prior to March 1, 1973, and the instant appeal was not timely filed if it were an appeal from the decree of December 18, 1972.

In Paragraph 5 of the bill of complaint, complainant avers that on May 4, 1970, respondent delivered to complainant "one Parson Trenching machine" for repairs; that the repairs were made; that respondent has paid for the repairs; that respondent ".   .   .   left this equipment with complainants, and after a reasonable time, George Erwin Equipment Repair became a warehouseman with a common law lien on the property stored for reasonable charges in connection with such storage." Complainant states that $1.00 per day is a reasonable charge for storage and claims $932.00 for storage.

In like manner, complainant avers in Paragraph 6 that he claims a warehouseman's lien on one Lorain Mobile Crane, also allegedly delivered to complainant on May 4, 1970.

In Paragraphs 7 and 8, complainant claims a warehouseman's lien on one "Loader" and "two Jibs," allegedly delivered to complainant on September 18, 1969.

Although the descriptions in the complaint in detinue and the descriptions in the bill are not precisely the same, it appears that the four or five machines described in the complaint in detinue are the same four or five machines described in the bill as above set out. We do not understand that the parties contend to the contrary.

In Paragraph 9 of the bill, complainant further alleges that on September 18, 1969, respondent left with complainant one Michigan Crane on which complainant claims a warehouseman's lien.

Complainant, in Paragraph 10, avers that on October 13, 1969, respondent delivered to complainant one International Tractor with 5th wheel and one trailer and instructed complainant to repair the same, which complainant did. Complainant alleges that the reasonable value of complainant's services is $2,801.07 for which complainant claims a lien under Title 33, § 25, of Code; and that on January 14, 1971, respondent took possession of this tractor and trailer but has not paid the sum due complainant.

Complainant prays for foreclosure of the various liens claimed and for general relief.

As stated above, the first four items described in the bill appear to be the same four items described in the complaint in detinue. The Michigan Crane and the International Tractor and trailer do not appear to be involved in the detinue action.

We will examine the motion to set aside and the subsequent motion to dissolve.

In the motion to set aside, respondent moves the court "to set aside" the decree dated November 16, 1972, and to grant respondent a new hearing on his motion filed November 7, 1972, in the detinue action and "on all other matters mentioned in said Decree dated November 16, 1972."

In the motion to dissolve, respondent moves the court "to dissolve the injunction heretofore issued in said cause . . . ."

If the court had granted the motion to set aside the decree dated November 16, 1972, the injunction would have become as ineffectual as if the court had granted the subsequent motion to dissolve. It appears reasonable to conclude that the relief prayed for in the motion to dissolve had also been prayed for in the prior motion to set aside.

The motion to set aside, as amended, covers five transcript pages. In the motion, respondent describes the events leading up to and occurring during the hearing on November 16, 1972. The grounds on which respondent relies for relief we undertake to summarize as follows:

1. That respondent was not given notice that the hearing on November 16, 1972, would be a hearing on the application for injunction and respondent did not agree to such a hearing.

2. That the $1,000.00 bond required a complainant as a condition to issuance of the injunction is inadequate because of the rental value of the machines and because they are stored in an open field unprotected from the weather and will rapidly deteriorate.

3. That complainant George Erwin has admitted that all money owed to him on all machinery now in his possession has been paid in full, and that the machinery is held to secure an alleged debt for work done on a tractor and trailer which were voluntarily delivered to respondent because he had a lien on the same.

4. No motion was made and there is no prayer in the bill or other pleading for a

preliminary injunction against prosecution of the detinue action, and the decree fails to disclose whether the injunction is permanent or temporary.

5. No motion was made to transfer the law case to equity or to consolidate the causes for hearing on November 16, 1972.

6. No demurrer or other pleading testing the sufficiency of the bill has been filed and the ruling that the bill contains equity is premature.

7. There is no necessity for granting the injunction because the right to make bond and keep the property is afforded to complainant by statute in the detinue action.

8. That complainant has an adequate remedy at law.

9. That decree of November 16, 1972, contravenes respondent's rights under the fifth and fourteenth amendments to the United States Constitution.

10. That said decree deprives respondent of his rights of equal protection and due process under the law and Constitution of Alabama, Sections 6 and 13.

(Grounds of Motion to Dissolve)

As grounds for the subsequent motion to dissolve, respondent submits his sworn answer as amended. Material averments of the answer are as follows:

1. In answer to Paragraph 5 of the bill, respondent denies that he is indebted to complainant for storage of one Parson Trenching Machine and admits that respondent paid complainant all money owed for repairs to the machine. This averment of the answer, we think, was covered by ground 3 of the motion to set aside as above set out.

2. In answer to Paragraph 6 of the bill, respondent admits that he paid all money due complainant relating to one Lorain Mobile Crane and denied that he is indebted for storage of the crane.

3 & 4. Respondent denies that he owes complainant anything for storage of the "Loader" and "two Jibs" which complainant claims in Paragraphs 7 and 8 of the bill.

5. Respondent denies that he owes for storage of the Michigan Crane as claimed by complainant in Paragraph 9 of the bill.

6. Respondent denies that he is indebted for International Tractor and trailer as alleged in Paragraph 10 of the bill.

We are of opinion that the foregoing grounds of the motion to dissolve were also covered by ground 3 of the motion to set aside.

7. Respondent says that complainant has no lien on respondent's property for several reasons; to wit: that respondent has a lien superior to the lien of complainant, that the charges for storage were not agreed to by respondent, and that complainant has an adequate remedy at law under Title 33, § 25 et seq. We are of opinion that these averments were covered by grounds 3, 7, and 8 of the motion to set aside.

8. Respondent further denies the allegations of Paragraph 12 of the bill and says that complainant has an adequate remedy at law and is not entitled to an injunction.

On comparison of the two motions we are of opinion that the motion to dissolve rests on the same foundation or circumstances as the prior motion to set aside and prays for the same relief, and, therefore, the second motion to dissolve was correctly denied. It follows from the authorities relating to successive motions to dissolve, supra, that the court did not err in overruling the second motion to dissolve in the instant case, and the decree appealed from is due to be affirmed.

Nothing appears, however, to show that the trial court did not have jurisdiction to hear and deny the motion to dissolve. It thus appears that the decree denying the motion to dissolve was not void. Accord-

ingly, the motion to dismiss the appeal is denied.

Appellant says in brief that we are faced with the necessity of looking at the merits of the case as set forth in the bill and answer. In view of this argument, it appears appropriate to say that we are not to be understood as making any decision on the merits or as expressing any opinion as to whether complainant is entitled to any lien on the property in suit. As this court has said:

" . . . No final decree having been rendered by the chancery court . . . a decision by this court upon the evidence would be premature. If we should arrive at the conclusion that the complainant is entitled to relief, we could not award that relief. Therefore any opinion we might now express would be merely advisory, and, when the cause goes again before the chancellor, he would be at liberty to render a decree in accordance with the opinion he may then entertain. Vice v. Littlejohn, 109 Ala. 294, 19 So. 386." Trump v. McDonnell, 112 Ala. 256, 259, 20 So. 524, 525.

The instant appeal is from the interlocutory decree filed February 22, 1973. The decrees dated November 16, 1972, and December 18, 1972, are not before us for review.

" . . . It is well settled that on an appeal from an interlocutory decree, appellant cannot assign for error interlocutory decrees rendered more than thirty days before the appeal was taken, but may do so from final decree. Lampkin v. Strawbridge, 243 Ala. 558, 11 So.2d 130; Bain v. Howell, 247 Ala. 514, 25 So.2d 167; Eatman v. Nuckols, 251 Ala. 544, 38 So.2d 494." Woods v. Allison Lumber Co., 258 Ala. 282, 285, 62 So.2d 229, 231.

Motion to dismiss denied.

Affirmed.

HEFLIN, C. J., and BLOODWORTH, McCALL and JONES, JJ., concur.