# Robertson *et al. v.* Montgomery Base Ball Association.

## *Bill for Injunction.*

1. *Decree by chancery court; when not sufficient to support appeal.*—Where a bill in equity asking for an injunction is submitted on motions to dismiss the bill for want of equity and to dissolve the injunction, an order or decree of the chancery court that "the motion to dismiss the bill for want of equity is well made, and is sustained; and unless the complainant amends the bill so as to give it equity in two days after the enrollment of this decree, the bill will stand dismissed," is not a decree dismissing the bill which will support an appeal.

2. *Same; when injunction not dissolved.*—The recital in a decree of a chancery court that "that it is decreed that the filing of the amendment by complainant on April 13, 1904, operated a dissolution of the injunction," is not a decree dissolving the injunction, and will not support an appeal.

3. *Same; re-instatement of injunction; appeal.*—The rule of chancery practice relative to reinstatement of injunctions and appeals from decrees dissolving an injunction, (Rule 101 Chancery Practice, Code, p. 1224) operates only in cases where the injunction has been dissolved by order or decree of the court, either express or direct to that end, or of its own indirect operation necessarily having such effect, as where a bill upon which an injunction is issued, is dismissed.

APPEAL from the Chancery Court of Montgomery. Heard before the Hon. WILLIAM L. PARKS.

The bill in this case was filed originally by the appellant, W. T. Robertson, against the Montgomery Base Ball Association, W. H. Ragland, as an individual and as treasurer of said association, and William S. Stickney, as an individual and as the manager of the said Montgomery Base Ball Association.

The main purpose of the bill is to set aside, on behalf of the complainant, as a dissenting shareholder, the sale of the assets and property of the Montgomery Base Ball Association, a corporation, to Ragland, and to enjoin, pending the suit, Ragland as purchaser and Ragland as treasurer, and Stickney as manager of the team of ball players of the Montgomery Base Ball Association from using its franchise with right of membership in the Southern Association of Base Ball Clubs, and, any of its property, for the purpose of playing any games of ball in the name of any person, or corporation, or for the use of any person or corporation except in the name of and for the use of the Montgomery Base Ball Association.

Under the opinion on the present appeal, it is unnecessary to set out the averments of the bill.

There was a motion made to dismiss the bill for want of equity. The respondents also moved to dissolve the injunction for the want of equity in the bill. The respondents also demurred to the bill upon several grounds.

After the filing of these motions and the demurrer, the complainants amended the bill by adding just after the name Robertson and the statement of the case, the following words: "In his own behalf and in behalf of all other shareholders owning shares of stock, similarly situated to him," and also amended said bill by adding the same words between the words "Robertson" and the word "respectively" where said words occur in the first line of paragraph one. This amendement was made on April 13, 1904. The respondents also demurred to the bill as amended.

On the submission of the cause upon the motions to dismiss the bill and to dissolve the injunction for the want of equity and upon the demurrers to the bill as amended, the chancellor rendered the following decree: "This cause is submitted at the present term of said court for decree on the motions to dismiss the bill for a want of equity, and to dissolve the injunction for want of equity in the bill on the demurrers to the bill and motion to increase the penalty of the injunction bond.

"On consideration it is ordered, adjudged and decreed that the motion to dismiss the bill for a want of equity is well made and is sustained, and unless complainant amends the bill so as to give it equity in two days after the enrollment of this decree, the bill shall stand dismissed.

"It is further decreed that the filing of the amendment by complainant on April 13, 1904, operated a dissolution of the injunction, and therefore the motion now made to dissolve the injunction is not considered.

"As this disposes of the bill the demurrers thereto will not be considered." This decree was rendered on April 16, 1904. On April 18, 1904, the complainant amended the bill. The respondents moved to strike the proposed amendment, upon the ground that the same does not give the bill equity.

The respondent filed a petition asking to re-instate the injunction, upon the bill as amended.

Upon the submission of the cause upon these motions and the petition, the chancellor rendered the following decree: "This cause came on to be heard upon motion

to strike the amendment offered by complainant on the 18th of April, 1904, from the files; and upon written motion by complainant to re-instate the injunction in said cause; and upon verbal motion to fix a bond with penalty and condition under which the injunction might be restored upon appeal.

"And upon consideration by the court, it is ordered, adjudged and decreed: 1. That the motion to strike the amendment be and the same is hereby granted. 2. That the motion to re-instate the injunction in said cause be and the same is hereby refused. 3. That the complainant, Robertson, having caused a dissolution of the injunction in said cause, by changing the record, adding new parties complainant by amendment, without an order saving the injunction issued, the court refuses to nominate the penalty and condition of a bond to operate to re-instate the injunction upon appeal."

The respondents appeal, and assign as error the several decrees rendered by the chancellor. In this court the cause was submitted on the merits and a motion to dismiss the bill.

ROBERT L. HARMON, GRAHAM & STEINER and HUGH NELSON, for appellants.

GUNTER & GUNTER, *contra.*

PER CURIAM.—The order or decree "that the motion to dismiss the bill for want of equity is well made and is sustained; and unless complainant amends the bill so as to give it equity in two days after the enrollment of this decree, the bill shall stand dismissed," is not a decree dismissing the bill which will support an appeal.—*Lide v. Park,* 132 Ala. 222.

The further deliverance of the Chancellor that "it is decreed that the filing of the amendment by complainant on April 13, 1904, operated a dissolution of the injunction," is not a decree dissolving the injunction. It is no more than the expression of the chancellor's opinion as to the effect of the amendment. If that opinion is correct, the complainant dissolved his own injunction.

If the amendment did not have the effect to dissolve the injunction, there has been no dissolution of it.

The dissolution of an injunction which will support an appeal under section 428 of the Code of 1896 is one effected by an order or decree of the chancellor to that end, and not one effected by the act of the complainant. So, too, Rule 101 of Chancery Practice, (Code, 1896, p. 1224) operates only in cases where an injunction has been dissolved by order or decree, either express and direct to that end, or of its own indirect operation necessarily having that effect, as where thereby the bill upon which the injunction issued is dismissed. Hence, unless there has been dissolution by such decree, the complainant cannot apply to a judge of this court in vacation or to this court in term time, under the Rule, to review the refusal of the chancellor to reinstate the injunction.

Our conclusion, therefore, is, that we have no jurisdiction to review any action of the chancellor shown by this record; and the appeal cannot be entertained.

We, of course, have not considered the question whether the amendment operated a dissolution of the injunction.

Appeal dismissed.