(89 South. 171)

## ZIMMERN v. SOUTHERN RY.

(Supreme Court of Alabama.)

1. **Injunction ⬅110—Supreme justice could not grant injunction after hearing in circuit court.**

Where application for injunction was set down for hearing in circuit court, and complainant did not abandon the hearing and renew his application to a judge of the Supreme Court under Code 1907, § 4534, but engaged in the hearing, he has no right to apply to a judge of the Supreme Court for an injunction, and his remedy is by appeal under section 4531, and a judge of the Supreme Court had no authority to order the issuance of said injunction under sections 4519 and 4520; it appearing that the course pursued in circuit court was under section 4528.

2. **Injunction ⬅210—Order may be declared a nullity for benefit of parties.**

If an order made by supreme justice for an injunction was authorized under Code, § 4534, such justice would be without authority to cancel the same; and if it was unauthorized it is void and needs no cancellation, but, the matter being brought to such justice's attention, there can be no harm in declaring the order a nullity for the benefit of the parties in interest, notwithstanding such an order may be unnecessary.

Application by Samuel Zimmern for injunction against Southern Railway. Injunction denied.

ANDERSON, C. J. The application for injunction in this case does not appear to have been refused without setting the matter down for hearing so as to come within the influence of sections 4519 and 4520 of the Code, which authorize a judge of the Supreme Court to order the issuance of same; but it appears that the course pursued was under section 4528 of the Code and succeeding sections, and that the injunction was not refused by the circuit judge until after the matter had been set down for hearing and was in fact heard.

[1] I am therefore of the opinion that, as the matter was set down for hearing, and as the complainant did not abandon the hearing and renew his application to a judge of the Supreme Court under section 4534 of the Code, but engaged in the hearing, he has no right to apply to a judge of this court for an injunction, and his remedy is by appeal under section 4531, and a judge of this court had no authority to order the issuance of said injunction under sections 4519 and 4520, which have no application to the instant case, and which is unlike the case of Mobile & Ohio R. Co. v. Zimmern, 89 South. 475.[1] The order heretofore made directing the issuance of the injunction in this case was made under a misapprehension of the facts and was unau-

thorized, and the same is hereby canceled and held for naught.

[2] It would no doubt be true that, if the previous order made by me was authorized, I would now be without authority to cancel same, and that, if it was unauthorized, it is void and needs no cancellation; but, since the matter has been brought to my attention, there can be no harm in declaring the order a nullity for the benefit of the parties of interest, notwithstanding such an order may be unnecessary.

Note. — While this matter was addressed to the Chief Justice, and not the court, all of the Justices were consulted in an advisory capacity before the foregoing order was made, and all concur in the foregoing order and opinion.

All the Justices concur.