(107 So. 83)

### CITY OF TROY et al. v. MURPHREE.
### (4 Div. 238.)

(Supreme Court of Alabama. Jan. 12, 1926.)

**Appeal and error** 🔑339(2)—**Supreme Court is without jurisdiction to consider appeal taken more than 30 days after decree was rendered.**

Under Code 1923, § 6079, an appeal from a decree overruling demurrers to bill in equity, by giving security for costs as required under section 6101, taken more than 30 days after decree was rendered, was too late, and Supreme Court was without jurisdiction to consider it.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

Bill in equity by J. D. Murphree against the City of Troy and the Pea River Power Company. From a decree on demurrer, respondents appeal. Appeal dismissed.

A. G. Seay, of Troy, for appellants.

Wilkerson & Brannen, of Troy, for appellees.

In view of the decision, it is not necessary that briefs be here set out.

MILLER, J. This is a bill in equity by J. D. Murphree against the city of Troy, a municipality, and the Pea River Power Company, a corporation. Each defendant filed demurrers to the bill. The court by decree overruled demurrers of each respondent to the bill. The respondents appeal from that decree, and it is the error assigned by each separately.

An appeal from a decree by the circuit court in an equity case, overruling a demurrer to a bill in equity, lies to this court, if taken within 30 days from the rendition thereof. Section 6079, Code 1923. This decree overruling the demurrers of the respondents to the bill of complaint was rendered by the circuit court in equity on June 12, 1925. This appeal is from that decree, and was taken by the respondents [appellants] by giving security for the costs of the appeal, dated August 1, 1925, which was approved August 3, 1925, by the register of the court. This appeal was properly taken by giving security for the costs thereof and having it approved by the register of the court. Section 6101, Code 1923. But the appeal was taken too late; it was not taken within 30 days from the rendition of the decree. It was taken August 3, 1925, and the decree was rendered June 12, 1925, which was more than 30 days after the decree was rendered.

The appeal must be, and is hereby, dismissed ex mero motu by this court, because this court is without jurisdiction to consider it. Snider v. Funderburk, 209 Ala. 663, 96 So. 928; Boshell v. Phillips, 207 Ala. 628, 93 So. 576; Bickley v. Hays, 183 Ala. 506, 62 So. 767.

The appeal is dismissed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.