**ACKER v. GREEN et al.** (4 Div. 314.)

Supreme Court of Alabama. June 23, 1927.

**1. Equity ⟨⟨⟨271—Amendment of a bill before final decree is matter of right (Code 1923, § 6558).**

Under Code 1923, § 6558, amendment of a bill before final decree is matter of right; no order of allowance of amendment being necessary.

**2. Injunction ⟨⟨⟨121—After temporary injunction is dissolved on motion, complainant may amend bill to give it equity and again apply for renewal of injunction.**

After temporary injunction granted on original bill has been dissolved on motion, complainant may amend bill to give it equity and again apply for reinstatement or renewal of injunction.

**3. Injunction ⟨⟨⟨121—Application to amend bill after temporary injunction is dissolved must first be presented to judge who pronounced order of dissolution (chancery rule 100).**

In view of chancery rule 100, application for reinstatement or renewal of injunction aft-

er amendment to bill must in first instance be presented and heard before judge before whom cause was pending and who pronounced order of dissolution.

**4. Injunction ⟨⟩183—Application for reinstatement of temporary injunction pending appeal from decree of dissolution must be made to judge who pronounced order of dissolution (Code 1923, § 8312).**

Rule that application for renewal or reinstatement of injunction must first be presented to and heard by judge before whom cause was pending and who pronounced order of dissolution obtains, in view of Code 1923, § 8312, on applications for reinstatement pending appeal from decree of dissolution.

**5. Statutes ⟨⟩225—Statute, authorizing grant of injunction returnable to any circuit court, is construed with statute and practice rule as to applications for reinstatement (Code 1923, §§ 8288, 8312; chancery rule 100).**

Code 1923, § 8288, authorizing circuit judges to grant injunctions returnable into any circuit court in the state, must be construed in connection with section 8312 and chancery rule 100, requiring applications after amendment of bill and pending appeal from decree of dissolution to be presented to and heard by judge who pronounced the order of dissolution.

**6. Injunction ⟨⟩183—That petition for new injunction after dissolution takes form of original ex parte application, and not for reinstatement, is immaterial.**

Where temporary injunction was discharged, it is of no consequence that petition for new injunction took the form of an original ex parte application, and not one for reinstatement.

**7. Injunction ⟨⟩169—Motion to discharge is proper remedy to reach error or irregularity in granting temporary injunction.**

Where order for temporary injunction was improvidently granted, a motion to discharge, rather than to dissolve, is proper remedy to reach error or irregularity in granting the writ.

**8. Appeal and error ⟨⟩71(3)—Interlocutory order discharging an injunction is reviewable by appeal (Code 1923, § 6081).**

Under express provision of Code 1923, § 6081, an interlocutory order discharging an injunction is reviewable by appeal.

**9. Injunction ⟨⟩144—Averment that complainant owned timbered land, and defendants were cutting and destroying merchantable timber, held to make case of irreparable injury.**

Bill, averring complainant was owner and in possession of timbered land; that defendants were trespassers thereon and were proceeding after warning to erect sawmill, and cut and destroy merchantable timber, *held* to make case of irreparable injury, authorizing a temporary injunction.

**10. Injunction ⟨⟩37—Owner of timbered land in possession is not required to concede usurped possession of trespasser and sue in ejectment.**

Owner of timbered land in possession is not required to concede usurped possession of a trespasser and sue in ejectment looking to equity to protect him while suit at law is being heard.

**11. Injunction ⟨⟩119—Answer, denying title and possession in complainant, suing for injunction, and asserting title in respondent, held to make proper case for hearing on merits.**

Where answer to bill for injunction was a complete denial of complainant's alleged title to and possession of timbered lands, and an assertion of title in respondents, with possession in them and their predecessors, it made a proper case for hearing on the merits.

Gardner and Sayre, JJ., dissenting in part.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Bill for injunction by Birdie S. Acker against A. H. Green and C. W. Green. From a decree discharging temporary injunction, complainant appeals. Affirmed in part, and in part reversed and remanded.

A. G. Seay, of Troy, for appellant.

A motion to discharge an injunction is the proper way to raise the question of error or irregularity attending the issue of the writ or in the writ alone. Such a motion raises the question of the authority of the judge to issue the writ, but does not raise the question of the equity of the bill. The equity of the bill or sufficiency of the answer is properly raised by a motion to dissolve. Ex parte Sayre, 95 Ala. 288, 11 So. 378; East & West R. Co. v. E. T. V. & G., 75 Ala. 275. It is not ground for objection that an injunction order was granted prior to filing of the bill. Code 1923, § 8803. The judge of the Twelfth circuit has authority to grant an injunction returnable into the circuit court of Barbour county. Code 1923, § 8288. It was not necessary first to secure leave in order to amend the bill. Even after appeal and judgment, the complainant may amend the bill and renew application for injunction. Code 1923, § 6558; Mack v. DeBardeleben C. & I. Co., 90 Ala. 404, 8 So. 150, 9 L. R. A. 650. The bill contains equity, and demurrer thereto was improperly sustained. Thompson v Johnson, 201 Ala. 315, 78 So. 91; Tidwell v. Hitt Lbr. Co., 198 Ala. 236, 73 So. 486, L. R. A. 1917C, 232; Cullman Prop. Co. v. Hitt Lbr. Co., 201 Ala. 150, 77 So. 574; Wilson v. Meyer, 144 Ala. 402, 39 So. 317; Kellar v. Bullington, 101 Ala. 267, 14 So. 466; Coxe v. Huntsville G. L. Co., 129 Ala. 496, 29 So. 867; 32 C. J. 123, 135, 140; Driver v. New, 175 Ala. 655, 57 So. 437; Caples v. Young, 206 Ala. 282, 89 So. 460.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

G. W. Winn, of Clayton, and W. H. Merrill, of Eufaula, for appellees.

Appeal from the order discharging the injunction does not lie. Chancery rule 100, Code 1923, § 8312. In such cases, injunction should be granted only for the purpose of preserving the status until title can be tried in a court of law. Irwin v. Shoemaker, 205 Ala. 13, 88 So. 129. Mere averments that irreparable damage will result will not avail unless supported by proper charges of fact. Kellar v. Bullington, 101 Ala. 267, 14 So. 466; Bowling v. Crook, 104 Ala. 130, 16 So. 131. Equity will not interfere unless complainant is in possession under clear legal title. Hamilton v. Brent, 127 Ala. 78, 28 So. 698; Driver v. New, 175 Ala. 655, 57 So. 437.

BOULDIN, J. The bill is to enjoin cutting and removing standing timber from lands which, it is alleged, complainant "owns and heretofore has been in possession," and upon which respondents had entered and begun the erection of a sawmill, and cutting of the timber. By amendment complainant is alleged to be in possession. The appeal is from a decree discharging a temporary injunction.

A preliminary injunction was granted on application to Judge Parks of the Twelfth circuit. The bill was then filed in the circuit court of Barbour county, in equity; the court having jurisdiction of the cause.

Upon the hearing of a motion to dissolve for want of equity in the bill and upon denials of the answer and supporting affidavits, Judge Williams, of Barbour circuit, rendered his decree dissolving the temporary injunction and a later order denying an application to reinstate the injunction. Thereafter the bill was amended, and on ex parte application to Judge Parks another temporary injunction was granted. On motion and hearing before Judge Williams this injunction was discharged, and complainant appeals.

[1] The amendment of a bill before final decree is matter of right. No order of allowance of the amendment is necessary. Code, § 6558.

[2] After a temporary injunction, granted upon the original bill, has been dissolved on motion, the complainant may amend the bill to give it equity, and again make application for reinstatement or renewal of the injunction. Mack v. De Bardeleben Coal & Iron Co., 90 Ala. 404, 8 So. 150, 9 L. R. A. 650; 32 C. J. p. 430, § 736.

[3, 4] This application, however, must in the first instance be presented to and heard by the judge before whom the cause is pending and who pronounced the order of dissolution. Chancery rule 100; 2 Daniell's Pl. & Prac. § 1589; Chappell v. Roberts, 140 Ala. 320, 37 So. 241. A similar rule obtains on applications for reinstatement pending appeal from a decree of dissolution. Code, § 8312. These rules avoid conflict and confusion in judicial proceedings. They recognize the rule that further orders in a pending cause, after a hearing, should be made by the judge having in hand the protection of parties litigant.

[5] The general statute (Code, § 8288), conferring authority on circuit judges to grant injunctions returnable into any circuit court in the state, must be construed in connection with section 8312 and rule of practice 100. The case does not involve an inquiry as to whether an order reinstating the injunction in violation of rule 100 is void on collateral attack, nor whether the rule applies where the judge dissolving the injunction is absent, sick, or otherwise unavailable. No such contingency appears in the present case.

[6] It is of no consequence that the petition for a new injunction after dissolution takes the form of an original ex parte application, and not one for reinstatement. The status shown by the entire record determines the nature of the proceeding. 1 High on Injunctions, § 41.

[7] It follows the order for injunction of August 3, 1926, was improvidently granted. A motion to "discharge," rather than to "dissolve," is the proper remedy to reach such error or irregularity in the granting of the writ. Ex parte Sayre, 95 Ala. 288, 11 So. 378; East & W. R. Co. v. E. T., V. & G. R. Co., 75 Ala. 275; Jones v. Ewing, 56 Ala. 362.

[8] By the present statute an interlocutory order discharging an injunction is reviewable by appeal. Code, § 6081. There was no error in the decree discharging the injunction.

[9] Dealing with the decree sustaining demurrer to the bill as amended, we reach a different conclusion. The amended bill avers complainant is the owner of the 40 acres of timbered land, owns the legal title thereto, is in the possession of same, and that she and those under whom she claims have had continuous adverse possession thereof for 20 years; that defendants unlawfully entered as trespassers thereon, and were proceeding after warning to erect a sawmill thereon, and to cut and destroy all the merchantable timber on the land; that the lands were chiefly valuable for the timber thereon.

Taken as true on demurrer, the bill makes a case of irreparable injury as defined in such cases. The owner of timbered lands is entitled to enjoy them in the state in which they are held and to have the benefit of the increment thereon. In this era of growing scarcity of standing timber, a tendency is toward protection of the owner by injunctive process, rather than leaving him to an action at law for money compensation. Tidwell v. H. H. Hitt Lumber Co., 198 Ala. 236, 73 So. 486, L. R. A. 1917C, 232.

[10] Neither is the owner in possession re-

quired to concede the usurped possession of a trespasser and sue in ejectment, looking to equity to protect him while the suit at law is being heard. The owner is not required to concede to a trespasser the vantage ground of possession necessary to a recovery in ejectment. The injunction suit promptly brought may be viewed as one of the means of preventing the unlawful entry into possession which the trespasser is seeking to accomplish.

Irwin v. Shoemaker, 205 Ala. 13, 88 So. 129, presents a case of long acquiescence by complainant in the possession of the respondent and outlays by him rendering it inequitable to intervene by injunction. The equity of a case turns upon its particular facts.

[11] The answer is a complete denial of title and possession in complainant, an assertion of title in respondents, with possession for a long period in respondents and their predecessors, naming them.

The case is a proper one for hearing upon the merits, the issues made by bill, and answer. The decree sustaining demurrer to the amended bill is reversed, and the cause is remanded.

Affirmed in part, and in part reversed and remanded.

All the Justices concur, except in this: SAYRE and GARDNER, JJ., hold there was error in discharging the injunction.

GARDNER, J. (dissenting in part). I am unable to concur in that part of the foregoing opinion holding the injunction was properly discharged.

Following dissolution of the injunction first issued, complainant amended the bill in a material respect. The injunction here discharged was ordered issued by the Judge of the Twelfth Judicial Circuit upon the bill as thus amended. It was in no sense a reinstatement of the injunction dissolved, but a new injunction for which additional bond was required. To my mind it is logically impossible to say that the new injunction is a reinstatement of the old. Not being a reinstatement of the former injunction, Chancery Rule 100 considered in the majority opinion is without application. The situation here presented was considered by Chief Justice Stone in Mack v. De Bardeleben Coal Co., 90 Ala. 396, 8 So. 150, 9 L. R. A. 650, wherein the court said: "Complainant, after amending his bill will have to *renew his application for injunction, before a proper* judicial officer, as he may be advised." (Italics supplied.) Had an application for reinstatement before the chancellor dissolving it been the proper practice, the Chief Justice would have so declared. But the opinion directed otherwise, that application for injunction be *renewed* upon the amended bill before a *proper judicial officer.* That authority should be considered as decisive of this appeal. Complainant followed the course therein authorized, and the injunction should not have been discharged. Upon this phase of the case therefore, I respectfully dissent.

SAYRE, J., concurs in the foregoing.