(128 So. 902)

## LEE et al. v. CITY OF BIRMINGHAM.

### 6 Div. 604.

Supreme Court of Alabama.

May 15, 1930.

Rehearing Denied June 19, 1930.

Charles W. Greer and G. Ernest Jones, both of Birmingham, for appellant.

Wilkinson & Burton and Hollis O. Black, all of Birmingham, for appellee.

GARDNER, J.

Upon presentation of the original bill the circuit judge entered an order for the issuance of the temporary writ of injunction as prayed for therein. Section 8288, Code 1923. The appeal is from this order.

This is not such an interlocutory order from which an appeal is provided by statute. The question is a jurisdictional one, and it is the duty of the court to dismiss the appeal ex mero motu. Long v. Winona Coal Co., 206 Ala. 315, 89 So. 788; Minge v. Smith,

206 Ala. 330, 89 So. 473; City of Troy v. Murphree, 214 Ala. 118, 107 So. 83.

The remedy was by way of motion to dissolve the injunction under the provisions of section 8302, Code of 1923, and, if the ruling was adverse, to appeal therefrom as provided by section 6081, Code of 1923. Appeals are of statutory origin, and unless so provided no appeal will lie. Robertson v. Montgomery Base Ball Association, 140 Ala. 320. 37 So. 241; Acker v. Green, 216 Ala. 445, 113 So. 411; State v. Jabeles, 203 Ala. 670, 85 So. 16.

Appellants have, very naturally it appears, been misled by the broad language of section 8307, Code of 1923. But this section has relation to appeals prosecuted when application for injunction has been set down for hearing under section 8304 et seq., Code of 1923, which first appeared in the Code of 1907, and has no application to an ex parte order for temporary writ of injunction issued under authority of section 8288 of the Code. The distinction was commented upon in Zimmern v. Southern Rwy. Co., 206 Ala. 69, 89 So. 171, where it was pointed out that the statutory provisions applicable to cases of the character here presented differ and are inapplicable, where the matter is set down for hearing as provided by section 8304, supra. As previously stated, the question is a jurisdictional one, and we are therefore constrained to dismiss the appeal.

Appeal dismissed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.