159 So. 206

**HOWLE v. CITY OF BIRMINGHAM.**

6 Div. 600.

Supreme Court of Alabama.

Jan. 17, 1935.

Rehearing Denied Feb. 21, 1935.

W. J. Wynn and Jas. H. Willis, both of Birmingham, for appellee.

Horace C. Wilkinson, of Birmingham, for appellant.

670

H. L. Anderton, of Birmingham, amicus curiæ.

BROWN, Justice (after stating the facts).

■ The renewal of the application for temporary injunction was not authorized by section 8295 of the Code 1923, after it had been denied by the circuit court on hearing of the parties, and the order and fiat of the Presiding Judge of the Court of Appeals and the injunction issued in pursuance thereof were and are void. Zimmern v. Southern Ry., 206 Ala. 69, 89 So. 171; Lee et al. v. City of Birmingham, 221 Ala. 419, 128 So. 902.

Therefore the above-mentioned order did not supersede and vacate the order of the circuit court denying the application, and that order is sufficient to sustain the appeal. Code, § 8307.

■ The excerpt from the statement of facts clearly shows that the machines or devices described in the bill and labeled "Marbl-Jax," owned, maintained, and serviced by the complainant, are gambling devices within the inhibition of subsections (a), (d), (e), and (f) of section 1 of the Act of July 25, 1931 (Gen. Acts 1931, p. 806); and their maintenance and operation violate section 4248 of the Code of 1923 and sections 5038, 5054, 6109, and 6110 of the Code of the city of Birmingham.

The fallacy of the argument, that the game is one of skill, and that its controlling characteristic is to sell pleasure to the public, clearly appears when we look to the agreed facts showing that, by the turn of a screw or a set of screws in the legs of the machine, it is so readjusted that the skill of the most expert player is upset and destroyed. The game is clearly a gambling contest with the owner and operator on the one side, and the members of the public on the other, who, while seeking a moment of diversion, are willing to hazard a nickel with the hope of winning three times that amount, and in which,

as the facts alleged in the bill and the admitted facts show, the owner and operator hold the whip handle, and eventually win the stakes in the profits which the machine takes.

The complainant, being engaged in a gambling scheme in violation of the statutes of the state and the laws of the city of Birmingham, does not come with clean hands, and is not entitled to the aid of a court of equity. State ex rel. Daniel, Attorney General v. Kizer et al., 164 S. C. 383, 162 S. E. 444, 81 A. L. R. 722; Lee et al. v. City of Birmingham, 223 Ala. 196, 135 So. 314.

■ The appellant, in his brief, contends that section 5064 of the code of the city of Birmingham violates the due process clause of the Constitution, in that it authorizes the summary destruction of gambling devices seized by the police of said city, without giving the alleged owner thereof a day in court.

A sufficient answer to this suggestion is that the question is not raised, nor is there anything in the averments of the bill indicating that the constitutional integrity of the city's by-laws and ordinances is questioned; nor is the decision of that question necessary to the disposition of the only question in the case—the right of the complainant to invoke the injunctive aid of a court of equity to protect his devices. State ex rel. Crumpton v. Montgomery et al., Excise Commissioners, 177 Ala. 212, 59 So. 294; State ex rel. Knox v. Dillard et al., 196 Ala. 539, 72 So. 56.

The averments of the bill as to the seizure of said machines may be true, and yet for all that appears the defendant may contemplate an orderly proceeding in equity to condemn and destroy said machines, as was done in Lee et al. v. City of Birmingham, 223 Ala. 196, 135 So. 314.

Another answer is that the appellant has had his day in court before a court of his own selection, and of competent jurisdiction and power to determine that his devices and business are public nuisances and not entitled to the protection of a court of equity.

The decretal order denying the temporary injunction is due to be affirmed, and it is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.