159 So. 91

## GREENWOOD et al. v. STATE ex rel. BAILES, Solicitor.

### 6 Div. 679.

Supreme Court of Alabama.

Jan. 24, 1935.

Horace C. Wilkinson, of Birmingham, for appellants.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for appellee.

GARDNER, Justice.

The bill, prepared and verified pursuant to our statute (sections 4671 and 4672, Code 1923), seeks abatement of a liquor nuisance, and upon its presentation to the chancellor an order for temporary writ of injunction was entered. From this order the appeal is prosecuted.

The record discloses the filing of the bill on December 7, 1934, and on the same date the order for the temporary writ was duly entered and filed, containing also a direction for final hearing of the cause on January 15, 1935; that on December 11th thereafter defendants presented a motion to be allowed to file an answer, and on that date an order was entered denying the motion after preliminarily stating "the court is of the opinion that the State is entitled to injunction on the bill, as presented."

Leaving to one side the matter of refusal of temporary injunction, governed by entirely different statutory provisions, and not here involved (sections 8295–8297, Code, 1923; Zimmern v. Southern Railway Co., 206 Ala. 69, 89 So. 171), upon presentation of the bill two courses were open to the chancellor: First, the order granting the temporary writ upon the bill as then presented; or, second, if in his opinion no substantial injury would result to complainant from delay, he may, in his discretion, set a time and place for the hearing of the application, not more than ten days thereafter, requiring at least three days' notice be given the defendants to be affected by the suit. Section 8304, Code 1923.

There is no pretense in the instant case the chancellor pursued this latter course. On the contrary, he chose the former, and issued the order upon the bill as then presented. From an order so entered the statute has provided no appeal. The remedy was by motion to dissolve the injunction under the provisions of section 8302, Code 1923; and, if the ruling is adverse, to prosecute the appeal therefrom, as provided by section 6081, Code 1923—the course pursued in Mobile & Ohio R. Co. v. Zimmern, 206 Ala. 37, 89 So. 475, 16 A. L. R. 1352; Fulton v. State, 171 Ala. 572, 54 So. 688, and numerous other authorities.

Our statutory provisions for setting down for hearing an application for a temporary injunction writ (sections 8304–8311, Code, 1923) were new to the Code of 1907, and the appeal from an order granting such a writ provided by section 8307, Code 1923, has reference to this procedure, and to none other. As the chancellor did not pursue this course, this statutory provision for appeal is without application.

This matter was considered and determined in Lee v. City of Birmingham, 221 Ala. 419, 128 So. 902, a case here directly in point, and which was approvingly cited in the more recent case of Morris v. Sartain, 224 Ala. 318, 140 So. 373. In Lee v. City of Birmingham, supra, is the following observation, applicable here: "Appellants have, very naturally it appears, been misled by the broad language of section 8307, Code of 1923. But this section has relation to appeals prosecuted when application for injunction has been set down for hearing under section 8304 et seq., Code of 1923, which first appeared in the Code of 1907, and has no application to an ex parte order for temporary writ of injunction issued under

authority of section 8288 of the Code. The distinction was commented upon in Zimmern v. Southern Rwy. Co., 206 Ala. 69, 89 So. 171, where it was pointed out that the statutory provisions applicable to cases of the character here presented differ and are inapplicable, where the matter is set down for hearing as provided by section 8304, supra."

■■ It was also there pointed out that appeals are of statutory origin, and, unless so provided, no appeal will lie (citing Robertson v. Montgomery Base Ball Association, 140 Ala. 320, 37 So. 241; Acker v. Green, 216 Ala. 445, 113 So. 411; State v. Jabeles, 203 Ala. 670, 85 So. 16), and that, the question being a jurisdictional one, it is the duty of the court to dismiss the appeal ex mero motu (Long v. Winona Coal Co., 206 Ala. 315, 89 So. 788; Minge v. Smith, 206 Ala. 330, 89 So. 473; City of Troy v. Murphree, 214 Ala. 118, 107 So. 83).

We are therefore constrained to dismiss the appeal.

Appeal dismissed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.