159 So. 95

## MALONE et al. v. KELLETT.

### 7 Div. 281.

Supreme Court of Alabama.
Jan. 31, 1935.

John B. Isbell, of Fort Payne, and Oliver D. Street, of Guntersville, for appellants.

Hugh Reed, of Center, for appellee.

KNIGHT, Justice.

The appeal in this case must be dismissed.

The appellee, complainant in the court below, filed his bill of complaint in equity against G. L. Malone, judge of probate, S. W. Pope, sheriff, and V. W. Scott, clerk of the circuit court of De Kalb county, Ala., and other named defendants, praying for mandatory, as well as preventive, writs of injunction, all pertaining to the action and conduct of the parties, as an election board, and as managers of the general election held in De Kalb county, Ala., on November 6, 1934.

The temporary injunction was issued without notice to the defendants. No motion was made to dissolve the same. The certificate of appeal recites that the appeal was taken under the provisions of section 549 of the Code, without bond. The record before us does not disclose that the appellants, or either of them, came within the provisions of said section 549, authorizing an appeal. For this reason, if there were no other, the appeal should be dismissed.

Then, too, it appears from the record that, upon the presentation of the original bill, the circuit judge entered an order for the issuance of the temporary writ of injunction, as prayed for therein.

We have uniformly held that such an order will not support an appeal. And we have further held that the question was a jurisdictional one, and that it was the duty of the court to dismiss the appeal ex mero motu. Lee et al. v. City of Birmingham, 221 Ala. 419, 128 So. 902; Morris v. Sartain et al., 224 Ala. 318, 140 So. 373; Long v. Winona Coal Co., 206 Ala. 315, 89 So. 788; Minge v. Smith, 206 Ala. 330, 89 So. 473; City of Troy v. Murphree, 214 Ala. 118, 107 So. 83.

For this reason also the appeal must be dismissed.

However, we must not be understood as holding that the bill contained equity, or that section 549 did not deprive the court of equity, and the judge thereof, when called upon to exercise equity powers, of jurisdiction of the subject-matter involved in the suit. Wilkinson v. Henry, County Treas., 221 Ala. 254, 128 So. 362, 70 A. L. R. 712.

For the reasons set out above, the appeal is dismissed.

Appeal dismissed.

All the Justices concur.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes