175 So. 269

## BERMAN v. WRECK–A–PAIR BLDG. CO.
### 6 Div. 108.

Supreme Court of Alabama.
June 3, 1937.

A. Leo Oberdorfer and E. M. Zeidman, both of Birmingham, for appellee.

Amzi G. Barber and Hugh Barber, both of Birmingham, for appellant.

BOULDIN, Justice.

The appeal is taken under Code, § 8307, to review a decree granting an injunction pendente lite after setting the application down for hearing pursuant to Code, § 8304.

■ On the hearing the respondent objected to proceeding on the ground that "at least three days' notice of the time and place of hearing" had not been given as prescribed by section 8304. The objection was disregarded, and the hearing proceeded. This ruling is presented for review.

The record discloses the bill was filed March 1, 1937, that on the same day it was presented for fiat, and was by order set down for hearing on March 3, 1937, and complainant ordered to give notice of such date, etc. Clearly this was not three days' notice.

Omitting for the present recitals in the decree deemed by the court below a sufficient compliance with the statute as to notice, we deem a clear understanding of the procedure under these statutes quite important. Appellee insists the matter of notice is discretionary, or directory merely.

Section 8304 reads:

"When a bill praying for an injunction is presented for fiat to any judge authorized to grant injunctions, he may, if in his opinion no substantial injury would result to the complainant from delay, set a time and place for the hearing of the application, not more than ten days thereafter, and may require the complainant to give the defendant or defendants to be affected by the writ at least three days' notice of such time and place and to serve them with a copy of the bill, if to be found within the state, and if the defendant or defendants cannot with due diligence be served with such notice and copy within the time prescribed, the judge may, in his discretion, on the day fixed, proceed to hear the application without notice or to continue the hearing to a future day, so that notice may be given the defendant."

This and related statutes first appeared in the Code of 1907. Theretofore temporary injunctions were issued on the sworn bill of complainant.

■ A motion by respondent to dissolve the injunction upon ten days' notice was authorized, Code, § 8302, an appeal from the order granting or denying the motion to dissolve was provided for, Code, § 6081.

This procedure still obtains.

Code, § 8304 et seq., provide an alternate procedure by which a hearing may be had before injunction issue, and an appeal prosecuted from the order granting or denying the application.

■ It is manifest the court has a discretion to adopt either procedure. If he decides to have an advance hearing, after notice he may, in his discretion, issue a temporary restraining order upon the complainant's executing bond. Section 8309. If complainant is unwilling to await the proposed hearing after notice, he may abandon his application before the judge and renew it before a justice of the Supreme Court. Section 8310. These provisions manifest a clear purpose to safeguard the complainant against irreparable injury by reason of the delay incident to a hearing after the notice prescribed by section 8304.

■ Again, it is clear enough that only one appeal is contemplated to review the granting or refusal of a temporary injunction. All appeals involve delays. The early settlement of such preliminary matters is important to the administration of justice.

■ Hence, it is provided that "When an injunction has been granted after the hearing provided for in the *four* preceding sections, no motion to dissolve injunction will lie as a matter of right, except for matters subsequently occurring." Section 8308. (Italics supplied.)

Among these four sections is section 8305, which reads:

"Upon the hearing of the application for injunction, the sworn answer of the defendant may be considered as well as the bill, and both sides may introduce affidavits of themselves or other witnesses; and upon consideration, the judge must determine whether the injunction be granted or refused."

Upon consideration of the whole statutory scheme, and the purposes to be attained, we conclude, that unless waived "at least three days' notice" is essential to

a hearing resulting in an order from which an appeal lies under section 8307.

██ Notice required in judicial proceedings is of the essence of a fair administration of justice; we do not overlook the provision of section 8304 to the effect that where the effort to give the required notice has failed, the judge may, in his discretion, proceed to hear the application without notice. This means the proposed hearing under the four sections may be abandoned, and the application heard, under the alternate practice, and, if granted, subject to motion to dissolve.

██ The hearing on notice contemplated by section 8304 is intended to safeguard the judicial judgment in granting or refusing injunctions pendente lite; a hearing from both sides, or an opportunity through prescribed notice to be so heard. Lynne v. Ralph, 201 Ala. 535, 78 So. 889. No appeal lies from the order granting the injunction unless shown by the record to have been made, or purporting to be made, after such hearing. Greenwood v. State, 229 Ala. 630, 159 So. 91; Zimmern v. Southern Ry., 206 Ala. 69, 89 So. 171; Lee v. City of Birmingham, 221 Ala. 419, 128 So. 902; Dean v. Coosa County Lumber Co., 232 Ala. 177, 167 So. 566.

██ We do not think there was any waiver of the right to three days' notice. While counsel for respondent participated in the hearing, cross-examining witnesses, etc., this was after specific objection to proceeding without the required notice. The decree of the court expressly discloses such objection and motion for continuance overruled, and exception to such ruling.

██ This brings us to consider whether, on the whole record, respondent, appellant, did have the required notice. The decree of the court recites:

"On the 13th day of February, 1937, bill of complaint by B. Mazer, trading as the Wreck-A-Pair Building Company was filed in this Court against the above named defendants concerning the same subject matter as the subject matter of this suit, the bill of complaint in that suit and in this suit being substantially the same; that in that suit an application was made for an injunction, which was set for hearing by order made on the 13th day of February, 1937, for the 19th day of February, 1937. On that date the hearing was continued to the 26th day of February, 1937, on which day the hearing was further continued to March 3rd, 1937, at 8:30 o'clock A. M., with leave of complainant to summon witnesses.

"On the 1st day of March, 1937, the attorneys for the complainant presented bill in the above entitled cause to the Court, with an application that the same be set for hearing on the 3rd day of March, 1937, at 8:30 o'clock A. M., stating to the Court that there was a mis-description of the party complainant and that rather than attempt an amendment to the original bill, they were filing a new bill but substantially the same as the pending bill except the change of the party complainant. The Court made an order setting the hearing on the said bill and the application for injunction therein for the 3rd day of March, 1937, at 8:30 o'clock A. M., of which setting the respondents were duly notified on said 1st day of March."

It seems clear enough the court treated this proceeding as a continuation of a pending litigation, the new bill being in the nature of an amendment, properly identifying the party complainant, the hearing set for the same date as already set. While the recital does not specifically show notice had theretofore been given of the date for hearing, we think this is clearly implied, and the new order setting a day and prescribing notice was merely a renewal of the preceding order. The court could take note of the status of the cause pending before him, and his recitals are to be taken as true in the absence of record matter to the contrary. We are, therefore, of opinion that respondent had notice of the hearing within the purpose and spirit of the statute.

██ A question is raised as to the sufficiency of the verification of the bill. The affidavit of the "Manager and Vice-President" of complainant corporation deposes:

"That the matters and things herein alleged are true as therein averred, except the matters and things averred on information and belief, which matters and things he verily believes to be true as therein alleged."

When referred to the averments of the bill alleging that complainant is informed and so avers certain facts stated, this affidavit is sufficient to commit the conscience of affiant to the fact that he had information upon which he verily believed them to be true. This is of different import from an affidavit to the "best of

knowledge, information and belief," not disclosing whether he had information as a basis for such belief. Lambert v. Anderson, 227 Ala. 222, 149 So. 98; Brown v. State, 222 Ala. 623, 133 So. 913; Burgess & Co. v. Martin, 111 Ala. 656, 20 So. 506.

Dealing with the merits of the case made for injunctive relief, the pertinent matters, briefly stated, are these:

The Louisville & Nashville Railroad Company, desiring to retire certain shop buildings at Oakwood, Ala., invited bids, resulting in a contract with complainant, Wreck-A-Pair Building Company, whereby the contractor undertook to dismantle the buildings, clean up, etc., acquiring title to the salvaged materials, fixtures, and equipment set out with some detail, for which the contractor paid a lump price.

At the same plant the railroad company had a large assortment of tools, articles, and materials which through another agency of the company were sold to respondent, Robert Berman. His purchase antedated that of complainant's. Through his agents Berman proceeded to salvage, where necessary, and remove the large quantities of stuff claimed by him. Complainant, awaiting the completion of Berman's work before dismantling buildings, had one or more agents on the ground, keeping a lookout for its interests. The railroad company had an agent on the ground looking after buildings and machinery which neither contractor had purchased.

There soon developed controversies between the two contractors touching a number of properties of substantial value which were claimed by each under his contract. It developed that some items had probably been inadvertently covered by both contracts. In that event, Mr. Berman was entitled to the property, while the railroad company would be due to account to complainant.

The bill was filed under the Declaratory Judgment Act to construe the contracts, alleged to be ambiguous, to adjudge the rights of each contractor in the various properties in dispute, to have an accounting by the railroad company for the values of items sold to complainant, but to which Berman had the title; and to have Berman account for articles alleged to have been taken and removed to which complainant had title.

Without going into details, the bill presents a case of justiciable controversies, construing the contracts and declaring the rights of each of the parties in properties to which conflicting rights of possession and ownership are being asserted. The question of who is entitled to salvage the articles or materials is also involved.

It should be kept in mind that the equity of a bill under the Declaratory Judgment Act does not turn on whether a case is made for an injunction.

This is a statutory jurisdiction, to be exercised in the cases and to the ends defined by statute, does not depend on the absence of other remedies. It is alternate in character. One of its chief fields is to define legal rights, obligations, and relations over which real and substantial controversies have arisen before there has been an invasion of rights giving rise to other forms of action. Tuscaloosa County v. Shamblin, 233 Ala. 6, 169 So. 234; Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617.

Further relief may be had in such proceeding if necessary to complete relief. Gen.Acts 1935, p. 777, § 8.

The injunction sought and granted was to prevent respondent, Berman, from taking, removing, disposing of, or interfering with several properties alleged to belong to complainant under its contract, and which, it is alleged, Berman was proceeding to salvage, remove, and dispose of. Irreparable injury is alleged, in that the identity of such properties would be lost by salvaging operations and commingling with other properties before values could be ascertained, etc.

Essentially the injunction is one to preserve the status quo of properties involved pendente lite.

Such an injunction does not depend on any advance finding for complainant on the merits. If, upon consideration of the bill, exhibits, supporting affidavits and evidence, also the answer, exhibits, supporting affidavits and evidence on the part of respondent, it shall reasonably appear that balancing inconveniences, probable injury, and making effective the relief sought, it is found advisable to preserve the status quo, such an injunction may and should be granted. Rather wide discretion is given the trial court in this regard. Coxe v. Huntsville Gaslight Co. 129 Ala. 496, 29 So. 867; Boatwright v.

Town of Leighton, 231 Ala. 607, 166 So. 418; State v. Mobile & O. R. Co., 228 Ala. 533, 154 So. 91; Cruce v. McCombs, 221 Ala. 507, 129 So. 279.

 The injunction was limited to properties designated in the decree. Without here dealing with each, we are of opinion that the injunction was warranted as to the several matters, save one. This one is thus described in the pleadings, evidence, and decree:

"The transmission lines involving the steam lines to machinery, air lines to machines, and the 220-volt electric transmission line."

The record discloses that this is virtually conceded to be the property of Berman, but also covered by complainant's contract.

The chief ground on which it is sought to tie it up by injunction is that the quantities, classifications, and consequent values for which the railroad company should account to complainant cannot be well ascertained, if salvaged and removed. It appears complainant and respondent, railroad company, worked out a plan for assembling and valuing these properties on the ground. The record does not sustain the contention that Berman was a party to such arrangement involving the tying up of his property until the other parties could adjust their troubles. His promise to keep a record of same, so far as appears, has not been breached, even if the breach of a voluntary promise of that sort would justify an injunction. It does not appear that opportunity for one or both the other parties to have representatives inspect and check the quantities and values in place, or as salvaged for shipment, has been denied by Berman.

His property should not be tied up to enable the other parties to adjust controversies, not of his making.

The decree and writ of injunction will here be modified so as to strike out of the decree and the injunction issued thereon the clause above quoted relating to transmission lines.

As thus modified, the decree is affirmed.

Let the costs of appeal be taxed one-half to complainant, and one-half to respondent, Berman.

Modified and affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.