178 So. 237

**STATE v. SEMINOLE BOTTLING CO.**
**et al.**

**5 Div. 261.**

Supreme Court of Alabama.

Jan. 13, 1938.

Morrow & Bruce, of Lanett, Jacob A. Walker, of Opelika, and Will O. Walton, of LaFayette, for appellees.

A. A. Carmichael, Atty. Gen., Wm. S. Pritchard, Sp. Asst. Atty. Gen., and Winston B. McCall, of Birmingham, for the State.

GARDNER, Justice.

The motion of defendants to dissolve the temporary injunction, theretofore issued in this cause, was granted, and decretal order entered dissolving the injunction on July 13, 1937. The appeal was taken September 17, 1937, and comes too late, as more than 30 days had elapsed from the rendition of the decree. Trump v. McDonnell, 112 Ala. 256, 20 So. 524; Section 6081, Code of 1923.

It was, of course, open to complainant to appeal within the 30-day period and seek a reinstatement of the injunction pending the appeal as provided by section 8312, Code of 1923. But this course was not pursued, and instead complainant filed a motion to have the chancellor set aside the decree of July 13, 1937, dissolving the injunction. Upon the hearing of this motion, the same was denied, and complainant attempts likewise to prosecute an appeal from that order. We know of no statute, and none has been called to our attention, which authorizes an appeal from an interlocutory order of this character. It is well settled that appeals are of statutory origin, and unless so provided no appeal will lie. Greenwood v. State, 229 Ala. 630, 159 So. 91; Lee v. City of Birmingham, 221 Ala. 419, 128 So. 902; Morris v. Sartain, 224 Ala. 318, 319, 140 So. 373.

218

This motion dealt with an interlocutory decree, and was itself of interlocutory character. The order denying the motion partakes of the same nature and is interlocutory, and not a final decree within the meaning of our appeal statutes.

Nor do we construe the motion as one to reinstate the injunction (Chancery Rule 100, 4 Code 1923, p. 938; section 8312, Code), but to set aside a decree dissolving the injunction which, if granted, would indirectly result in restoring the injunction to its former status, not by any order of reinstatement, but only as a consequence of a favorable ruling on the motion to set aside the decree of dissolution.

It results, therefore, that upon considerations herein stated, the motion to dismiss the appeal is due to be sustained. It is so ordered, and the appeal dismissed.

Appeal dismissed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

