196 So. 500

### BRADLEY et al. v. RUMPH et al.

### 4 Div. 117.

Supreme Court of Alabama.
May 23, 1940.

Moseley & McIlwain and Andrews & Andrews, all of Union Springs, for appellants.

Cope & Cope, of Union Springs, for appellees.

BOULDIN, Justice.

■ Equity will enjoin the cutting and removal of standing timber by continuous or repeated trespasses tending to denude lands valuable for the timber growing thereon.

■ One claiming the right and title to the timber, and proceeding to cut over the land, when, in fact, he has no such title, but is a trespasser, is properly enjoined at the suit of the owner in possession.

■ The owner of timbered lands is entitled to enjoy them as such and to have the benefit of the increment thereon. Irreparable injury results from the destruction of such property right. Monied compensation for damages is not deemed an adequate remedy. Tidwell v. H. H. Hitt Lumber Co. et al., 198 Ala. 236, 73 So. 486, L.R.A.1917C, 232; Acker v. Green et al., 216 Ala. 445, 447, 113 So. 411; Bradley v. Hall, ante, p. 544, 195 So. 883.

■ The present appeal is from a decree enjoining appellants at the suit of appellees. That appellants were proceeding to cut and remove the standing timber within the rule above stated is without dispute. The real issue is whether appellees are the owners of the property and in possession thereof.

The property involved is 40 acres, described as NW ¼ of NW ¼ of Section 22, Township 11, Range 24 in Barbour County.

It lies in what is known as Pea River Swamps; is now and ever has been valuable mainly for its timber; is unimproved, except a small strip of cleared lands on one side.

Neither party produces muniments of title.

Complainants claim as devisees under the will of their ancestor, C. W. Rumph, deceased. This will, probated in 1898, merely devised the real estate of decedent without description.

Among his papers was found a memorandum made by him, giving the government numbers of lands designated as the Locke Lands in Barbour County, showing a total of 1365 acres, located in several sections, mainly in Township 11, Range 24, but extending into two adjoining townships.

This memorandum includes "37 acres of NW ¼ of NW ¼ Sec. 22, T. 11, R. 24." Evidence tends to show some 3 acres of this 40 lies on the Bullock County side of Pea River.

Some evidence tends to show C. W. Rumph, Sr., was in possession of and claimed the body of lands known as Locke Lands, and pointed out this 40 as part thereof. Other evidence shows a mortgage by Locke, foreclosure deed, etc., covering some 1200 acres of the body of lands listed in the memorandum of C. W. Rumph, above mentioned, including this "37 acres of NW ¼ of NW ¼ of Sec. 22, T. 11, R. 24."

Other evidence discloses that these devisees in later years executed warranty deeds to other portions of these Locke Lands; that one of them mortgaged his interest in the tract, including this 40, and finally some of them executed deeds to their shares to C. W. Rumph, Jr., one of these complainants, including the parcel now in suit. The several deeds were on record many years before this controversy arose. One of these complainants, therefore, has color of title from this source.

Tax records available disclose payment of taxes by complainants or some of them on this 40 only at irregular intervals, 1903 to 1932, some eight years in all.

Only an occasional cutting of board trees is shown by complainants.

No such possession as would ripen into title is shown.

But the evidence does disclose a bona fide claim of ownership of this 40 as a

part of the Locke Lands owned by their ancestor. In 1937, about a year before this suit was filed, C. W. Rumph, acting on his own behalf, and others of his family, enclosed this land with a line of barb wire. This was done under claim of ownership and definitely to prevent anticipated trespassing by cutting the valuable timbers.

Appellant Bradley cut this wire and entered claiming a right to cut the timber under contract with appellants C. H. and A. B. Boykin.

This brings us to consider the Boykins' claim to this land and timber thereon.

In 1910 the Boykins purchased and obtained a deed from John Creswell to a tract of land described by government numbers and containing 333 acres. Respondents' evidence tends to show Creswell pointed out this 40 as part of the lands conveyed.

The deed does not include it, and the lands actually described, and so far as appears now in possession of the Boykins under their deed, aggregate 333 acres.

This 333 acre tract, known as the Petty Land, was described in the same way in the deed to Creswell and in the chain of title back of him.

It is significant that these deeds nowhere duplicate any of the lands known as the Locke Lands above noted.

Appellants, therefore, have no color of title to this 40, and their rights therein must rest upon its being pointed out as part of the lands purchased by the Boykins, and possession thereafter.

Evidence tends to show that Petty, a prior owner acquiring the 333 acre tract in 1904, cleared the strip of some 2 to 3 acres on this 40, and thereafter it has been held and cultivated by third parties with the consent of the Boykins without a payment of rent.

Such possession, without color of title, is limited to the clearing, and cannot extend to the timbered area in question.

Evidence tends to show a claim of the 40 by the Boykins and a sale by them and removal of timber from the lands. But these cuttings were years apart, did not cover the 40 nor any species of timber in full. The weight of the evidence discloses that on the main body still stands very large pine, cypress, oak and hickory trees; oak and pine reaching 40 inches in diameter. We are clear in our conclusion that no such continuous, visible acts of possession appear as to sustain a claim of adverse possession on the part of the Boykins, who had no color of title.

The enclosure of this land by C. W. Rumph as above indicated was a definite assumption of possession. Cutting this wire enclosure, entering upon and cutting the timber was an invasion of this possession.

In the absence of evidence of possession on the part of respondents, invaded by the assumption of possession by Rumph, or evidence of ownership on the part of the Boykins, complainants were due injunctive relief as decreed.

Affirmed.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.