28 So.2d 729

**GILBERT, Director of Department of Public Safety, v. FOLKES.**

**4 Div. 984.**

Court of Appeals of Alabama.

Nov. 26, 1946.

Rehearing Denied Dec. 17, 1946.

Wm. N. McQueen, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for appellant.

574

Lee & Lee, of Dothan, for appellee.

CARR, Judge.

This is an appeal from the County Court of Houston County, Alabama. Title 13, Sec. 313, Code 1940.

In the court below the case was heard on an agreed statement of facts, which, with the decision thereon, has been certified to this court. Title 7, Sec. 744, Code 1940.

Under the provisions of Title 36, Sec. 68, Code 1940, appellee filed a petition in the county court praying that his driver's license be reinstated. It had theretofore been suspended by the Director of the Department of Public Safety. After a hearing the trial judge ordered the license reinstated, and from this judgment the Director brings this appeal.

The cause is submitted on motion to dismiss the appeal and on the merits. A ground of the motion is that the appeal is unauthorized by law.

The right of appeal was unknown to the common law. It is not a vested right and exists only by force of some constitutional or statutory provisions. Coker et al. v. Fountain et al., 200 Ala. 95, 75 So. 471; Greenwood et al. v. State ex rel. Bailes, Solicitor, 229 Ala. 630, 159 So. 91.

There are no stipulations in the act in question (Title 36, Sec. 68) authorizing an appeal from the judgment of the lower court when the prayer of the petition is either denied or granted.

The general appeal statute does not include county courts among the jurisdictions from which an appeal will lie. Title 7, Sec. 754, Code 1940.

We fail to find any statutory authorization for an appeal directly to the Supreme Court or Court of Appeals from a judgment of the county court in which this proceeding was had. Title 13, Sec. 313, Code 1940. We are, therefore, forced to order the appeal dismissed.

The Assistant Attorney General in a carefully prepared brief insists that a right of appeal lies from the county court in the instant case by virtue of the provisions of Sec. 744, Title 7, Code 1940, supra. We are unable to give to this statute so wide a latitude. We do not think that it applies in cases that are not reviewable by our appellate courts because of the absence of statutory authority therefor. Clearly it relates to procedure and has for its purpose a convenient and commodious method of presenting litigated issues. This view is made more certain by the language of the closing sentence of the section: "* * * and the case shall then be proceeded with in the same manner *as it might have been had a bill of exceptions been filed* and certified to said court of appeals or supreme court." (Emphasis ours.)

Appeal dismissed.