147 So.2d 822

**ALABAMA ALCOHOLIC BEVERAGE CONTROL BOARD et al.**

v.

**Sophronia ROBERTS.**

I Div. 942.

Supreme Court of Alabama.

Dec. 20, 1962.

MacDonald Gallion, Atty. Gen., David W. Clark, Asst. Atty. Gen., and Sid C. Stuckey, Jr., Montgomery, for appellant.

Herndon H. Wilson, Mobile, for appellee.

LIVINGSTON, Chief Justice.

On August 19, 1960, Sophronia Roberts filed her Ex parte petition in the Circuit Court of Mobile County, in Equity, alleging in an unverified petition, substantially, the following facts:

On April 29, 1960, one W. P. Trawick, an agent of the Alcoholic Beverage Control Board, seized a 1960 Willis Jeep, the property of Sophronia Roberts, in Mobile County, Alabama. At the time of the seizure, one gallon of "moonshine" whiskey was found in the vehicle, which was being operated by Lewis Roberts, Jr., the husband of Sophronia Roberts. The Jeep was carried to Montgomery by the Alcoholic Beverage Control Board and held there.

Pursuant to Title 29, Sec. 51, Code of Alabama 1940, Sophronia Roberts filed a claim in writing with the Alcoholic Beverage Control Board stating her interest in the vehicle. She also executed a bond under the statute. She prayed (1) that the court order the Alcoholic Beverage Control Board to transmit the bond mentioned to the Circuit Solicitor of Mobile County for the purpose of his filing a bill of complaint in the Circuit Court of Mobile County, in Equity, as is required by law, and (2) that the Jeep be delivered to Sophronia Roberts as provided in Title 29, Sec. 51, supra.

On the same day that the petition was filed, the court rendered a decree or order granting both prayers for relief. On or about August 31, 1960, the Alcoholic Bev-

erage Control Board filed in the Circuit Court of Mobile County, in Equity, a motion to vacate the order and dismiss the petition, and assigned the following grounds:

1. The Alcoholic Beverage Control Board and its agents were not residents of Mobile County when the court's order or decree was rendered.

2. The court was without jurisdiction to do any of the acts that it did.

3. No claim and bond were filed within the time or in the amount required by law.

4. The petition was not verified by affidavit.

5. The Alcoholic Beverage Control Board was not made parties in the cause.

On September 16, 1960, the lower court overruled the motion to vacate its order of August 19, 1960. The Alcoholic Beverage Control Board took this appeal from the order of September 16, 1960 to this court and assigned as error the court's action in granting the original order and overruling the motion to vacate.

■ Mrs. Roberts has filed in this court a motion to strike the transcript of record on the ground that it is from an interlocutory decree and will not support an appeal.

The four assignments of error state essentially the same thing, that is, the court below erred in rendering its order of August 19, 1960 and its order of September 16, 1960 overruling the motion to vacate.

■ We know of no statute, and none has been called to our attention, which authorizes an appeal from an interlocutory order of this character. It is well settled that appeals are of statutory origin, and unless so provided no appeal will lie. State v. Seminole Bottling Co., 235 Ala. 217, 178 So. 237; Greenwood v. State, 229 Ala. 630, 159 So. 91; Lee v. City of·Birmingham, 221 Ala. 419, 128 So. 902; Morris v. Sartain, 224 Ala. 318, 319, 140 So. 373.

The motion to vacate dealt with an interlocutory decree, and was itself of interlocutory character. The order denying the motion to vacate partakes of the same nature and is interlocutory, and not a final decree within the meaning of our appeal statutes. The appeal is therefore dismissed.

■ This cause was submitted to this court on the appeal, together with an original petition praying for an alternate writ of mandamus or a rule nisi directed to the said W. C. Taylor, as Judge of the Circuit Court of Mobile County, Alabama, ordering and commanding the said W. C. Taylor, as such Judge, to forthwith withdraw and vacate his order and decree, dated August 19, 1960 and of September 16, 1960, or in the alternative to appear, if he thinks proper, and show cause why such order· should not be vacated.

The petition for mandamus is based, substantially, on the same grounds as is its motion to vacate the order of September 16, 1960, one of which said grounds is that the petition was not verified by affidavit.

Equity Rule 12, Title 7, Code 1940, Appendix, provides:

> "Rule 12.—A bill need not be sworn to unless it seeks preliminary or interlocutory relief or unless it is a bill of discovery."

To state Rule 12 in affirmative form, it provides that a bill seeking preliminary or interlocutory relief must be sworn to. Campbell v. State, 242 Ala. 215, 5 So.2d 466. It has been held in recent decisions of this court that such a bill is not demurrable for lack of verification, but it is stated in these same cases that it must be sworn to when the relief is sought. Nolen v. Wiley, 246 Ala. 482, 21 So.2d 322; Campbell v. State, supra; Ex parte American Life Ins. Co. et al. and Ex parte Montgomery, 262 Ala. 543, 80 So.2d 299.

In Nolen v. Wiley, supra, it was stated:

> "* * * A bill is not rendered subject to demurrer by the failure to veri-

fy it, but unless so verified preliminary or interlocutory relief will not be granted. * * *

"* * * If it is sought, then the bill must be verified by sufficient affidavit. * * *"

If proper objection is made, as here, no part of the court's powers can be put into operation in regard to the requested interlocutory relief unless it is a sworn bill or petition.

The pleadings show on their face that the petition filed by Sophronia Roberts was not sworn to. The peremptory writ of mandamus is therefore due to be, and is, awarded.

Petition granted and writ awarded.

SIMPSON, MERRILL and HARWOOD, JJ., concur.