202 So.2d 78

**DARK'S DAIRY et al.**

v.

**ALABAMA STATE MILK CON-
TROL BOARD.**

**3 Div. 257.**

Supreme Court of Alabama.

Aug. 17, 1967.

Curtis Springer, Montgomery, for appellants.

Louis G. Greene, Montgomery, for appellee.

SIMPSON, Justice.

The Alabama State Milk Control Board, under authority vested in it by the Legislature (Title 22, § 205 et seq.) promulgated a regulation known as Hauling Order No. 7, which became effective August 15, 1966. The appellants here are milk producers or distributors who were directly affected by the Board's order.

Title 22, § 226, Code, provides in pertinent part as follows:

"§ 226. Certiorari to review.—Any person affected by any order or action of the board, who deems himself aggrieved by any such order or act may within ten days after receiving notice of any such action or order, have such order, or action reviewed by a writ of certiorari by filing in the circuit court of the county wherein said action or order was taken or made, a verified petition setting out the specific order or action, or any part or parts thereof whereby said person deems himself aggrieved, and such court shall only consider such matters as contained in the petition."

Following the Board's order and on August 25, 1966, the appellants filed a petition for writ of certiorari in the Circuit Court of Montgomery County pursuant to the above section. On August 30, 1966, the appellee (the Board) filed a motion to dismiss the petition for failure to have been

verified in accordance with the foregoing section.. The Circuit Court granted this motion on September 7, 1966 and entered the following decree:

"This Court is of the opinion that verification of the petition for writ of certiorari is a jurisdictional requirement. This Court is further of the opinion that inasmuch as no verified petition was filed within the 10 days required by Title 22, Section 226, Code of Alabama 1940, as amended, the attempted amendment filed on August 31st is without effect. Petitioners not having followed the statute, it follows that the motion to strike should be granted. It is, therefore,

"CONSIDERED, ORDERED AND ADJUDGED

"That the motion to strike the petition for writ of certiorari is hereby granted. The action of the Court in granting such certiorari is hereby set aside and vacated, and this cause is dismissed at the cost of Petitioners, for which execution may issue."

It should be noted that the attempted amendment referred to was filed on August 31st and contained a verification.

Following the decree of dismissal entered on September 7, 1966, the appellants, on September 20, 1966, filed a "motion for rehearing" in the trial court stating that "the grounds for this motion for rehearing is based upon Section 276, Title 7, Code of Alabama 1940, in that the Court's decision is not sustained by the great preponderance of the evidence * * *."

This motion was denied by the court on September 30, 1966. The appeal to this Court was taken on October 24, 1966.

The appellee has filed a motion to dismiss this appeal on ground that it was not timely taken. We first consider this motion.

Title 22, § 226, makes no provision for review in this Court of the judgment rendered in the Circuit Court. However, we have held that an appeal from the judgment of the Circuit Court to this Court lies by virtue of the provisions of Title 7, § 1074. White Way Pure Milk Co. v. Alabama State Milk Control Board, 265 Ala. 660, 93 So.2d 509. Section 1074 provides:

"From the final judgment of any circuit court or other court exercising the jurisdiction of such court, in any such proceeding, an appeal shall lie to the supreme court as in other cases; *but such appeal must be taken within thirty days after the final judgment is rendered * * *.*" (Emphasis added.)

■ An examination of the record indicates that the final judgment in this case was rendered on September 7, 1966. The appeal was taken on October 24, 1966. The appeal has come too late, and we are without jurisdiction to entertain it. The case is analogous to State v. Seminole Bottling Co., 235 Ala. 217, 178 So. 237. There the State filed a bill for injunction against the bottling company. The respondent filed a motion to dissolve the temporary injunction (theretofore granted by the trial court). The motion to dissolve was granted on July 13th. An appeal was taken from that decree on September 17th, and we held that the appeal came too late under the statute which provides for an appeal from the decree dissolving the injunction within 30 days. We so held even though in that case, as here, the appellant filed a motion to have the chancellor set aside the decree of July 13th which motion was denied on August 17th. We noted:

"It was, of course, open to complainant to appeal within the 30-day period and seek a reinstatement of the injunction. * .* * But this course was not pursued, and instead complainant filed a motion to have the chancellor set aside the decree of July 13, 1937, dissolving the injunction. * * * We know of no statute, and none has been called to our attention, which authorizes an appeal

from an interlocutory order of this character. It is well settled that appeals are of statutory origin, and unless so provided no appeal will lie."

So, here too, appellants have failed to appeal from the final decree rendered by the court on September 7, within the 30 days allowed by Title 7, § 1074. Instead, appellants filed in the trial court a motion for rehearing which was denied. The appeal from the final judgment of September 7 comes too late. There is only one final judgment in this case and that was rendered on September 7. The appeal must be taken within 30 days from that date.

It follows that the motion to dismiss the appeal is and the same is hereby granted.

 Purely by way of dictum we point to the following. It is the gist of appellants' contention that the trial court erred in dismissing the petition for writ of certiorari for failure to include a verification. The position of the trial court, as expressed in the foregoing decree, was that Title 22, § 226, specified that in order to invoke the trial court's jurisdiction under that section, petitioner was required to file a verified petition within 10 days of the day the Milk Board rendered its order. The trial court believed that these requirements were jurisdictional and that inasmuch as a verified petition was not filed within 10 days, the court had no jurisdiction to act. In this the court was correct. Alabama Alcoholic Beverage Control Board v. Roberts, 274 Ala. 256, 147 So.2d 822 (1962) involved a bill seeking preliminary or interlocutory relief. The court rule under which the bill was filed required that such bills must be sworn to. There this Court held, speaking through the Chief Justice:

"It has been held in recent decisions of this court that such a bill is not demurrable for lack of verification, but it is stated in these same cases that it must be sworn to when the relief is sought. [Citing cases.] * * *

"If proper objection is made, as here, no part of the court's powers can be put into operation in regard to the requested interlocutory relief unless it is a sworn bill or petition."

Here, then, the trial court correctly interpreted the requirements of Title 22, § 226, as being jurisdictional. The Court's jurisdiction was not invoked unless a verified petition was filed within the ten day period.

Appeal dismissed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.